## Sadie Helkelkia, Plaintiff in Error, v. Max Sonzinski, Defendant in Error.

1. DIVORCE—*right to substitute smaller amounts in full of alimony past due.* Past due alimony is a vested right and cannot be set aside or a smaller amount substituted in full of the amount due.

2. DIVORCE—*when reduction of alimony awarded is permissible.* While the court may, in a proper case, without a petition on the part of the former husband and while he is in default in the payment of alimony, modify the decree as to future payments by reducing them, it is permissible only when the circumstances of the parties have changed since the entry of the former order.

3. DIVORCE—*immateriality of mother's remarriage upon question of reduction of allowance for child's support.* Upon the question

of the modification of the allowance, made to a divorced mother, for the support of a child in the custody of the mother, the fact that the mother has remarried is immaterial.

4. DIVORCE—*when reduction of payments for support of child not warranted.* Where no claim was made that the father of a small child had met with financial reverses or that its mother had acquired any property of her own since the divorce of the parties and an award of alimony, the only change being the remarriage of the mother, the court was not warranted in reducing the payments to be made by the father for the support of the child.

Error to the City Court of East St. Louis; the Hon. M. MILLARD, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed November 21, 1921.

E. W. EGGMANN, for plaintiff in error.

L. O. WALCOTT, for defendant in error.

MR. JUSTICE BARRY delivered the opinion of the court.

The parties were divorced at the May term, 1917, of the City Court of East St. Louis and the custody of their infant female child was awarded to the mother. At the September term, 1918, the court entered an order that defendant in error should pay the mother $20 per month for the support of the child, beginning October 1, 1918, and until further order of court.

Defendant in error complied with that order for one year and then ceased and refused to make further payments. He was cited for contempt and upon a hearing at the September term, 1920, the court entered a decree finding that defendant in error had made 12 monthly payments under the former decree, but that he had made no payment since October, 1919; that the sum of $20 per month was not necessary for the support of the child who is now 4 years old. Defendant in error was ordered to pay $50 at once in full of all payments due since October, 1919, and that upon such payment being made he should stand discharged from further liability for the period from October, 1919, to date. The court modified the former order by reduc-

ing the allowance to $10 per month from October 1, 1920.

It will be observed that the court set aside the right of plaintiff in error to the $240 which had already accrued from October, 1919 to October, 1920, and gave her in lieu thereof the sum of $50. The past due alimony was a vested right and could not be set aside or a smaller amount substituted in full of the amount due. *Craig v. Craig,* 163 Ill. 176; *Dinet v. Eigenmann,* 80 Ill. 274.

The court of its own motion without a petition on the part of the defendant in error, and while he was in default, modified the decree as to future payments by reducing them to $10 per month. While this may be done in a proper case, yet it is only permissible under the statute when the circumstances of the parties have changed since the entry of the former order. The statute does not contemplate that the court may sit in review of its decrees with the right to alter or modify a decree for alimony upon the facts existing at the time of its entry. *Cole v. Cole,* 142 Ill. 19; *Craig v. Craig,* 163 Ill. 176.

In the case at bar, the only change in the circumstances of the parties is in fact that plaintiff in error has married a second husband, but as the allowance was not for her support but for that of the child, the fact of her marriage is not material to the question in issue.

Defendant in error should support his child, and no claim is made that he has met with financial reverses or that his former wife has acquired any property of her own. The child is now but 4 years of age. In our opinion the law and the evidence disclosed by the record did not warrant the court in reducing the allowance made by the former order for the support of the child.

The decree is reversed and the cause remanded.

*Reversed and remanded.*