Ann Patterson, Plaintiff-Appellee, v. David D. Patterson, Defendant-Appellant.

Term No. 60–M–14.

Fourth District.

October 31, 1960.

Louis Beasley, of East St. Louis, for appellant.

Russell H. Classen, of Belleville, for appellee.

SCHEINEMAN, J.

This is an appeal from an order of the Circuit Court modifying a divorce decree and ordering defendant to pay $70.00 per month for the support of each of two children in place of $20.00 per month as originally decreed. In addition, that portion of the order requiring defendant to pay $450.00 attorney's fee on behalf of plaintiff is disputed.

The original divorce was obtained in December of 1950 and at the time of the petition for modification the children were 15 and 13 years of age respectively. The petition itself alleges no fact indicating an increased ability on the part of the defendant to pay, nor does it state any facts relative to the needs of the plaintiff other than their increased ages.

At the hearing, plaintiff stated that the children would now be in high school and that she would need $70.00 per month for their board and upkeep, school supplies, bus fare and lunch money. She had not seen her husband for more than four years, never did know his income and did not now know what it was. She endeavored to testify as to his monthly income contained in defendant's deposition but this was objected to and not admitted into evidence for the reason that her objection to the admission of the deposition had been sustained and it was not in evidence.

The eldest child testified that she had seen her father two summers ago, that at that time he had no physical handicaps, that he was living with his parents and that she knew nothing of his income.

■ ■ On a petition for modification the inquiry is necessarily directed to the question whether there have been material changes in the circumstances of the parties since the entry of the original decree. If petitioner's wants and necessities have increased and the means of the defendant is shown to have grown so as to enable him to contribute to such increased needs, then an additional allowance is proper. Cole v. Cole, 142 Ill. 19, 31 N. E. 109; Smith v. Smith, 334 Ill. 370, 166 N. E. 85. However, the burden of proof is upon the applicant to show such material changes in circumstances as would justify modification. Goodman v. Goodman, 329 Ill. App. 444, 69 N.E.2d 26. And where no evidence of a change in the financial condition of the parties is offered in evidence, the petition must be denied. Akin v. Akin, 337 Ill. App. 648, 86 N.E.2d 288.

■ In this case, it is apparent that there is no evidence in the record whatsoever, nor any facts alleged in the petition, which even tend to prove a change in defendant's financial circumstances which would enable him to meet petitioner's increased needs, if any there be. Actually, as to her own needs, petitioner's

78

testimony was sketchy and general in nature, consisting mainly of stating the fact that children do grow older.

It is impossible to fit these facts within the confines of the rules above stated and we therefore find that the order of the Circuit Court modifying the original decree and granting increased allowances for support of the children was in error and against the manifest weight of the evidence.

As to attorney's fees, like rules apply, i. e., they may be allowed but only on proof of petitioner's needs and defendant's ability to pay. 16 I. L. P., 173, 174. There is no such proof in this record.

For the reasons given, the order of the Circuit Court herein is reversed.

Reversed.

CULBERTSON, P. J. and HOFFMAN, J., concur.