LYDIA M. SMITH, Plaintiff-Appellee, *v.* WAYNE C. SMITH, Defendant-Appellant.

(No. 54566;

First District—March 23, 1971.

Albert H. Werner and Robert A. Sprecher, both of Chicago, for appellant.

Harold H. Goldman and Gerald A. Goldman, both of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from an order increasing support payments and awarding attorney's fees.

The parties were married on April 11, 1959. Three children were born of this marriage. The wife commenced divorce proceedings on April 12, 1967, and on August 17, 1967, a decree for divorce was entered in her favor providing *inter-alia:* "That the defendant shall pay to the plaintiff as and for child support the sum of Sixty Dollars ($60.00) per week, based on his present net take-home pay per week of $110.00." At the time of the decree the three children were 7 years, 4 years and 2 years of age respectively.

On April 17, 1969, the wife filed a petition seeking a modification

and increase of the weekly support payments. She alleged that living expenses have increased, as had defendant's earnings, and that these changed circumstances warranted an increase in support payments.

The husband responded that the $60.00 support payment was predicated upon his net pay of $110.00 per week. He denied that there had been a change of circumstances; that he was earning sufficient money to justify an increase in support and that the welfare of the children required any increase.

The matter came on for a hearing and the following order was entered and stated *inter-alia:*

"* * * the court having heard testimony of parties and argument of counsel * * * It is hereby ordered that defendant * * * pay * * * $75.00 per week or $25.00 per week, per child for 3 minor children instead of $20.00 per week per child * * * Further defendant pay * * * $200.00 attorneys fees * * *"

The stipulation of the Report of Proceedings is sparse, but revealed that the husband made $130.00 per week, and in addition worked "some overtime." The husband's employment records were subpoenaed and introduced into evidence and revealed that in 1967, his earnings were $7,800.00; in 1968 they were $10,573.68 and that he had earned $897.67 and $699.11 for January and February 1969. The husband related that he had no extra expenses since the time decree was entered. At the time the petition was filed by the wife, two of the children had entered school and each of the parties had remarried.

*OPINION*

The husband's initial contention is that the court's order increasing the child support was against the manifest weight of the evidence.

■■ In proceedings of this nature the issue is whether there has been a material change in the circumstances of the parties since the entry of the decree of divorce. An increase is justified when the needs of the children and the earnings of their father have increased so as to enable him to contribute additional sums. The petitioner has the burden to clearly establish the increased need and the corresponding ability to pay. *Patterson v. Patterson* (1960), 28 Ill.App.2d 76.

The husband relies upon the following authorities in support of his contention: *Novak v. Novak* (1956), 10 Ill.App.2d 342, *Patterson v. Patterson*, 28 Ill.App.2d 76 and *Scholz v. Scholz* (1967), 85 Ill.App.2d 201.

In *Patterson, supra,* there was no evidence to establish the father's increased income. In *Novak, supra,* the father there advised the court that he was willing to pay whatever the proof showed the children needed. This court affirmed the trial court's order denying an increase in support and found that the plaintiff in that case "relied too much

on showing the wealth of defendant without showing what the best interests of these small children require." In *Scholz, supra,* neither the petition nor the proof revealed a material change in the circumstances of the parties to justify a modification and the court noted that the record seemed to reflect that the issue between the parties was a disagreement arising from their discussions and negotiations rather than the welfare of their children.

In the present case the original divorce decree was entered on August 17, 1967. Subsequent to that time and as of June, 1969, when the instant order was entered, two of the parties' children had entered school. We believe that this would necessitate additional expenses and there is no doubt that the cost of living has risen since 1967.

It was also established by employment records that the husband's earnings had significantly increased since the decree of divorce and he testified that he had no extra expenses than before the decree of divorce was entered.

■■ We find that the trial court's order regarding the child support increase was not against the manifest weight of the evidence and that the court properly found that viewed in the light of their best interest, the children's needs had materially increased and their father's financial circumstances would enable him to meet them.

■■ As to the husband's remaining contention, we believe the court did err in awarding attorney's fees. The wife did not seek attorney's fees nor does the record support their allowance. *Jones v. Jones* (1964), 48 Ill.App.2d 232.

In view of the foregoing, we affirm that part of the order which increased the child support from $20.00 per child a week to $25.00 per child per week, but reverse that part of the order which directs the husband to pay attorney's fees.

Affirmed in part; reversed in part.

LEIGHTON, P. J., and McCORMICK, J., concur.