CONNIE SIMMONS HEADY, Plaintiff-Appellant, *v.* JAMES B. SIMMONS, Defendant-Appellee.

(No. 74-55; )

Fifth District—February 19, 1975.

Robert L. Douglas, of Robinson, for appellant.

John R. Meyer, of Meyer & Meyer, of Flora, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant-plaintiff had filed a petition to enforce a decree of divorce and to modify the decree. A marital settlement agreement of the parties had been incorporated in the decree. The defendant-appellee filed a motion to strike appellant's petition, and this motion was allowed by the trial court, which decided that each of the five counts of appellant's petition were defective and that the petition failed to set forth sufficient facts to justify the relief sought.

The appellant appealed from an order of the trial court dismissing her petition to enforce the decree of divorce and to modify the decree.

The appellant was divorced from the appellee pursuant to a decree of divorce entered on May 22, 1970. The decree incorporated a marital settlement agreement entered into by the parties on March 10, 1970. The settlement agreement provided in part of paragraph 2 the following:

> "The husband agrees to pay to the wife as and for the support and maintenance for the children the sum of $200 per month payable in two payments of $100 each. Payments shall be due on the first and fifteenth of each calendar month commencing with the fifteenth day of March, 1970. In the event of a divorce between the

husband and wife and the remarriage of the wife thereafter, the husband shall have the option of establishing a trust fund for the children and one half of said $200 monthly payment shall be placed in trust by the husband for the benefit of said children. The trust shall provide that the Trustee in his discretion may use such part of the principal and interest as may be necessary in his discretion for the education and support of said children until each of them attains the age of 22 years. The trust shall terminate as to the oldest child upon her attaining the age of 22 years, and the Trustee shall distribute one half of the principal and accrued interest at such time to such daughter. The trust shall continue for the younger daughter until she attains the age of 22 at which time the trust shall terminate. The Trustee will distribute the balance of the trust fund to her at such time. The trust agreement shall provide for the distribution of the proceeds of the trust in the event of the death of one or more of the children prior to the attaining of the age of 22 years."

The appellant remarried on November 7, 1971, and the appellee declared in a written instrument the trust for the benefit of the minor children as provided in the marital settlement agreement.

■■ The petition to enforce the divorce decree and to modify the decree contained five counts. Count one of the petition alleges that the defendant is $3600 in arrears for child-support payments and prays that defendant pay that sum. The complaint incorporates the trust agreement by reference. The fact that the defendant has paid one-half of the monthly child-support payments into the trust negates the allegation that defendant was in arrears and renders the count insufficient as failing to state a cause of action supported by the alleged facts. Count four is practically in the same language as count one, except in addition it asks that appellee be held in contempt for failing to comply with the divorce decree. Appellant cites *Storm v. Storm*, 9 Ill.App.3d 1071, as holding that undisputed nonpayment of child support makes a prima facie case of contempt. This case refers to the remedy sought and actually does not relate to the sufficiency of the complaint. Count four does not state a cause of action and was properly stricken.

■■ The second count of appellant's amended complaint declares that the trust was set up to defraud the plaintiff. The trial court in its memorandum opinion stated that no facts are alleged which show fraud. In *Tate v. Jackson*, 22 Ill.App.2d 471, a concise statement was contained of what elements must be set forth showing fraud. These elements are representation, falsity, scienter, deception and injury. This count does

not contain these elements, and it was properly dismissed as not alleging a cause of action for fraud. Count three is in practically the same language as the second count, except that mistake rather than fraud is alleged. The case of *Stephens v. Hamilton* (7th Cir. 1936), 81 F.2d 324, is cited by the defendant as holding that specific acts which constitute a mistake of law must be alleged, and a mere allegation of mistake was a conclusion. This count fails to allege what acts constituted the mistake, and this requirement is a necessity. Thus, count three was also properly dismissed.

The last count of appellant's petition alleges the divorce and the establishment of the trust and then recites specific circumstances which would justify a hearing concerning a modification of the decree. These circumstances include an increase in the cost of providing for the support, maintenance and education of the minor children, and also that the income and means of the appellee has increased. The prayer for relief in the count asks for an increase in the sum to be paid for the support of the children, modifying the divorce decree accordingly.

■■ There is no question that a trial court has the authority to order a modification in a divorce decree regarding child-support payments. (*Lewis v. Lewis*, 120 Ill.App.2d 263). Section 18 of "An Act to revise the law in relation to divorce" (Ill. Rev. Stat. 1973, ch. 40, par. 19) authorizes the court on "application * * * make such alterations * * * [in] the care * * * and support of the children as shall appear reasonable and proper." Cases have held that to warrant an increase in child-support payments the petitioner has the burden of proving a change in circumstances which could warrant the increase, and also that the income of the defendant has increased. (*Metcoff v. Metcoff*, 4 Ill.App.3d 160; *Weber v. Weber*, 8 Ill.App.3d 374.) The appellant alleged in her petition a change in circumstances warranting an increase in the child-support payments, and also that defendant's income had increased. She should be given the opportunity to prove these allegations and, if the trial court holds these allegations to be proven, it can grant the relief requested. The trial court may also consider the relief asked for in count five concerning the marital trust agreement, wherein appellant requests that appellee be denied the option of paying one-half of the child-support payments into the trust.

The trial court's decision dismissing counts one, two, three and four of appellant's petition is affirmed; however, the decision as to dismissing count five is reversed, and the appellee is instructed to answer the allegations in count five.

The judgment of the Circuit Court of Jasper County is affirmed in

part and reversed in part, and the case is remanded to the Circuit Court for such further proceedings as may be necessary in accordance with the opinion of this court.

Reversed and remanded.

G. MORAN, P. J., and EBERSPACHER, J., concur.