CONNIE PAGE, n/k/a CONNIE R. PETERSON, Plaintiff-Appellant, *v.* THOMAS PAGE, Defendant-Appellee.

(No. 74-274;

Third District—July 31, 1975.

Winstein, Kavensky & Wallace, of Rock Island, for appellant.

Marshall E. Douglas, of East Moline, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff filed a petition to modify a divorce decree for an increase in child-support payments and to permit her to claim the minor children for income tax purposes. She also petitioned for a rule against defendant that he show cause for his failure to pay child support as previously ordered. The trial court found the defendant-husband was $492 in arrears in child-support payments, and ordered it paid at the rate of $20 per month. On the husband's motion, the court also fixed his visitation hours. In all other respects plaintiff's petition was denied. Plaintiff appeals from the order refusing her an increase in child-support payments.

■■ It is not disputed that a decree of divorce may be modified from time to time as circumstances and conditions change to warrant such modification. (*Mayes v. Mayes*, 23 Ill.App.2d 513, 163 N.E.2d 235 (1960).) It is also well established that the alteration of an order respecting support payments rests in the sound judicial discretion of the trial court and unless the record shows an abuse of that discretion, such an order will generally not be disturbed on review. (*Hoover v. Hoover*, 307 Ill.App. 590, 30 N.E.2d 940 (1940); *Edwards v. Edwards*, 125 Ill.App. 2d 91, 259 N.E.2d 161 (1970).) In denying plaintiff's request for an increase in child support, the circuit court relied on the fact that plaintiff and defendant on July 16, 1969, agreed to a reduction of the support payments from $60 to $40 per week and that an appropriate order was entered at that time so reducing the amount of support required of defendant. That order recited that plaintiff was authorized to remove the three minor children of the parties from Illinois to Germany and that the reduction to $40 per week for child support should prevail so long as plaintiff is remarried.

An agreement between husband and wife to change the support payments required by the divorce decree will usually be accepted as a ground for modification if the court finds that the children's welfare will not be prejudiced by the modification. (*Novak v. Novak*, 10 Ill.App.2d 342, 134 N.E.2d 646 (1956); *Chmelik v. Chmelik*, 25 Ill.App.2d 192, 166 N.E.2d 101 (1960).) However the controlling and paramount consideration is the welfare of the children. Therefore, if such an agreement between parties is not in the best interests of the children's welfare, or if by reason of changed circumstances it becomes contrary to their best interests, the court is not bound by that agreement. (*Conces v. Conces*, 16 Ill.App.3d 835, 306 N.E.2d 890 (1974).) We determine therefore that the trial court erred in concluding that it was bound by the parties' prior

stipulation incorporated into the 1969 decree irrespective of changed circumstances. It appears that the court did not consider itself so bound when it modified the prior decree in respect to the visitation rights of the defendant. We have reviewed the Iowa case of *Simpkins v. Simpkins*, 256 Iowa 989, 129 N.W.2d 723 (1964), apparently relied on by the trial court, which holds that a stipulated agreement in a divorce decree terminating a husband's liability for child support upon the wife's remarriage will be enforced despite the children's welfare. We conclude that the facts in that case are distinguishable and that the rule of law is otherwise in Illinois which recognizes that the children's welfare is the paramount concern.

The plaintiff obtained a divorce from her husband on June 5, 1967. At that time there were three minor children of the marriage. Custody of the three minor children was awarded to plaintiff. On the date of the divorce the children were 7, 6 and 3 years of age. As part of the original divorce decree the defendant-husband was required to pay $75 per week as child support with the decree containing the provision that the child-support payments would be reduced to $60 per week upon the sale of the marital home. The home was sold and the child-support payments were accordingly reduced to $60.

The reason for the stipulated agreement in 1969 was the plaintiff's desire to remove the children from Illinois to live in Germany. She had remarried at that time and her new husband was serving there with the armed services. The defendant admits by his own testimony that the consideration for plaintiff's agreement to reduce a current arrearage and monthly child-support payments then was his agreement to let her remove the children from the State, which would substantially limit his visitation rights. The plaintiff remained in Germany for only 6 months, and the circuit court has now established specific visitation rights for defendant.

The facts developed at the hearing indicate that the needs of the children have increased since the original divorce decree and its later modification in June of 1969. It is also apparent that the husband's income, and assets, have increased between 1967 and 1974. His hourly income has increased from $3.40 per hour in 1967, to $5.40 per hour in 1974. His total monthly income after taxes has increased from $544 to $864. His total monthly expenses have also increased from $428 to $806. His net monthly amount left over in 1967 was $116 while in 1974 it is only $58. However items in his current and past expense list (defendant's Exhibit no. 1) admit that he has substantially increased both his assets and his standard of living since 1967 while his child-support payments have decreased during the same period of time from $60 per week to the

current rate of $40 per week. Defendant's added expenses are attributable to his ownership and operation of a new motorcycle and a late-model automobile and truck. In *Kelleher v. Kelleher*, 67 Ill.App.2d 410, 214 N.E.2d 139 (1966), the facts of the husband's finances are strikingly parallel to those in the case at bar. There the husband's income and expenses had increased just as the defendant's have here. The court there held that the father had the ability to meet the increased needs of his children since his increased expenses were for a country club membership and entertainment spending of over $200 per month. All of the defendant's expenses indicated in the instant case not merely an increase in his cost of living but a step up in his standard of living over the 7 years following his divorce from the plaintiff.

■■ Both plaintiff and defendant have remarried since their divorce and plaintiff has divorced her second husband and remarried a third time. As a result of her most recent marriage plaintiff has another young child and is therefore unable to work. Following the divorce decree and at a time when the child support was at $60 per week, plaintiff did work and help support the children herself. Besides the increase in the cost of living which has affected both plaintiff and defendant alike, the needs of the three minor children of the marriage have substantially increased. The record shows that plaintiff is no longer able to work and must rely more heavily on support payments from defendant. The children were much younger and not in school at the time of the original divorce decree. They are now 14, 13 and 10 years of age respectively. All are in school with its many activities and added costs. The youngest child has a learning disability which was not known until years after the divorce had been granted. The cost of tutoring the child with the recently discovered learning disability alone amounts to $12 per week. The plaintiff is operating her budget at a deficit. The record shows that neither the plaintiff or her present husband have the ability to pay for these increased needs of the children. These factors manifestly demonstrate a need for an increase from the current $40 per week child support when the best interests of the children are considered.

In the case of *Zug v. Zug*, 81 Ill.App.2d 298, 225 N.E.2d 146 (1967), a divorced husband's remarriage and the birth of a child of that remarriage did not constitute a change of conditions sufficient to warrant a downward modification of child-support provisions in the divorce decree from his prior marriage. Similarly the wife's remarriage, of itself, should not affect the natural father's obligation to make adequate child-support payments. (*Helkelkia v. Sonzinski*, 223 Ill.App. 30 (1921); *Howard v. Howard*, 331 P.2d 946 (Okla. 1958); *Gaidos v. Gaidos*, 48 Wash. 2d 276, 293 P.2d 388 (1956); *Vaughn v. Vaughn*, 226 Miss. 153, 83 So.2d 821

(1955).) Further, the stepfather usually has no duty to support his step-children, at least so long as the natural father has that obligation. The case of *Smith v. Smith*, 132 Ill.App.2d 722, 270 N.E.2d 206, (1971), established that a modification of a decree to increase child-support payments is justified whenever the proof shows (1) an increased need of the children for additional support and (2) an increased ability on the part of the defendant-father to pay additional support.

■■ The record manifestly shows there has been a substantial change in circumstances since both the original divorce decree and its subsequent modification in 1969, that the needs of the three minor children who are all now school age have increased, and that defendant is well able to pay the additional needed support, in the amount of $60 per week. The order denying plaintiff's petition for an increase in child-support payments is therefore reversed and the cause is remanded with directions that an order be entered increasing the defendant's support payment of $60 per week; the trial court correctly directed that each party bear his own court costs and attorney fees; the decree is affirmed in all other respects.

Reversed and remanded in part with directions and affirmed in part.

STOUDER and ALLOY, JJ., concur.