SHARON KAY DANIELS, Plaintiff-Appellant, *v.* JOHN R. DANIELS, Defendant-Appellee.

Third District    No. 75-374

Opinion filed May 31, 1976.

Daniel H. McNeal, of Moline, for appellant.

Braud, Warner & Neppl, of Galesburg (Dennis DePorter, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Sharon Kay Daniels, has appealed from an order of the Circuit Court of Rock Island County of July 15, 1975, granting her petition to modify a divorce decree increasing by $5 the child support payments that defendant was required to pay. Plaintiff was divorced from the defendant on October 15, 1971. She was then given custody of the 6-year-old female child of the marriage subject to defendant's reasonable visitation rights. The 1971 divorce decree ordered defendant to pay $20 per week child support for their minor child and defendant was authorized to claim the child as his dependent for State and Federal income tax purposes. Plaintiff alleged in her petition to modify the divorce decree that circumstances had changed since the divorce. More specifically she alleged that the needs of the child had increased and that the defendant's ability to pay had also increased.

From the evidence produced at the hearing on the petition to modify the court entered an order increasing the child support payments to $25 per week and awarding plaintiff attorney fees of $100. Plaintiff contends that the decision of the trial court to increase the amount of child support

only $5 per week was against the manifest weight of the evidence, and an abuse of the trial court's discretion.

In deciding whether the trial court erred in refusing to grant a greater increase in support payments, we must direct our attention to all the facts and circumstances presented.

Without regard to whether each expenditure should be considered, the following tables are presented, which are substantial reproductions of the contents of plaintiff's exhibit no. 4 and defendant's exhibit no. 1, and show by comparison the monthly expenses of plaintiff in the year of the divorce and in 1975 and the current monthly expenses of the defendant:

PLAINTIFF'S EXHIBIT 4.

| 1971 | Per Month | 1975 |
|---|---|---|
| 121 | House | 125 |
| 9 | Telephone | 10 |
| 40 | Utilities | 51 |
| 3 | Water | 7 |
| 0 | Car | 48 |
| 0 | Car expenses to work | 97* |
| 0 | Lunches at work | 43 |
| 0 | Bridge & parking | 17 |
| 17 | Life Insurance | 17 |
| 36 | Food | 141 |
| 0 | Julie's lunches (none for summer) | 0 |
| 0 | Julie's Allowance | 9 |
| 0 | Day camp [or alternatively baby-sitter | 80 |
| 10 | Clothes for Julie | 20 |
| 10 | Misc. exp. for Julie | 22 |
| 0 | Clothes for work | 25 |
| 0 | Loan | 58 |
| $ 246 | | $ 770 |

All expenses figured at 4 1/3 week per month.

*150 miles per week x 4 1/3 weeks = 645.5 miles per month x $ .15 per mile = $97.43

DEFENDANT'S EXHIBIT 1

*Expenses Monthly*

| | |
|---|---:|
| House payment | 184.00 |
| Sears | 15.00 |
| Montgomery Ward | 10.00 |
| Penneys | 10.00 |
| Telephone | 16.00 |
| Iowa-Illinois | 66.00 |
| J. D. Credit Union | 200.00 |
| Amer. Bank of R.I. | 75.04 |
| Moline National Bank | 66.25 |
| Dr. Watkins (Julie) | 10.00 |
| Dr. Stegmiller | 10.00 |
| Groceries | 200.00 |
| Gas for cars | 40.00 |
| Child support | 80.00 |
| | to 100.00 |
| Water bill | 10.00 |
| Car insurance | 19.50 |
| Master charge | 20.00 |
| | $1,051.79 |

The record also reveals that plaintiff throughout the time since her divorce has worked at one and two jobs and even operated her own small business in an attempt to support herself and the minor child, Julie Daniels. For some of that time period she was on public welfare. Because of an emotional problem of the child, a change in circumstances, plaintiff has had to abandon her small business to spend more time with her child. She is now employed at only one job on a full-time basis as she has for some time earning $540 initially and then raised to $595 per month. She testified to having $500 in debts as a result of her inability to otherwise meet all necessary expenses. She has no savings. Including the child support she receives from defendant at the rate of $25 per week (that is including the $5 recent increase to $25) figured on a basis of 4 1/3 weeks per month, she has a total of approximately $702 per month to spend for $770 expenses. Despite her new job, plaintiff does not now have more funds available to her than she did while on public welfare. Plaintiff has not again married.

■■ On the other hand, defendant has now remarried and has another child. His expenses include those to support his new family which must now be considered secondary to his obligation to support the child of his first marriage. (*Zug v. Zug,* 81 Ill. App. 2d 298, 225 N.E.2d 146

(1967).) Both defendant's and plaintiff's incomes have increased since their divorce as have their expenses.

Of particular importance is the amount of increase in defendant's income since the divorce. He was employed at a rate of $4.35 per hour in 1971 at the time of the divorce and earned $10,585.57 in that year. In 1974 his average hourly rate was $7.64 per hour and he earned $19,096.24. His present hourly rate is $8.48 per hour. Without computing the defendant's surplus income over his listed expenses with complete exactness it is clearly apparent that he could readily afford more than the $5 per week increase he volunteered and which the trial court subsequently ordered. Plaintiff had not requested or received an increase in support from the date of the divorce in 1971 until the entry of the order appealed from in 1975. The increase granted by the trial court could not even meet the inflationary increase for necessaries since 1971. Defendant obviously has not been carrying his share of the cost of supporting his own child in light of his own substantial increase in earnings since the divorce.

■■ In the recent case of *Page v. Page,* 30 Ill. App. 3d 514, 334 N.E.2d 212 (1975), we had occasion to comment upon the measure to be used to justify an increase in child support payments. The proof must show an increased need of the child for additional support and an increased ability on the part of the parent to pay additional support. *(Smith v. Smith,* 132 Ill. App. 2d 722, 270 N.E.2d 206.) The trial court correctly found both criteria had been met in the case at bar and recognized that a change in circumstances had occurred. The need of the child was established by plaintiff's inability to adequately support the child at the most recent rate of child support without incurring debts despite her preserving attempts to do so. The increased ability of the defendant-father to pay more child support was manifestly shown by his substantial increase in earnings (an hourly rate that almost doubled or a more than $8,000 increase per year).

Without overlooking the plaintiff-wife's ability to be gainfully employed we conclude that the trial court's ordering only a $5 per week increase in support payments was against the manifest weight of the evidence, it appearing that the trial court gave undue weight to defendant's volunteered offer to an increase of $5 per week.

Of paramount concern in matters such as this is what will serve the best interest of the child. Plaintiff has been unable to adequately support the parties' minor child without an increase in support payments. The evidence showed a change in circumstances of both parties and the child's needs. The additional need of the child demands additional expenditure in support by the defendant consistent with his increased earnings. Based upon defendant's salary of 1974 ($19,096.24) and a reasonable projected salary for 1975 based on his current hourly rate of pay, an increase in child

support of $15 per week or from $20 to $35 per week was clearly warranted from the evidence.

Under the provisions of section 8.1 of "An Act to establish appellate courts" (Ill. Rev. Stat. 1975, ch. 37, par. 32.1) and Supreme Court Rule 366 (Ill. Rev. Stat. 1975, ch. 110A, par. 366), this court may exercise jurisdiction as may be necessary to give complete determination of the cause on review and may make any order that should have been made or give any judgment that should have been given.

The judgment order of the Circuit Court of Rock Island County is reversed and the cause remanded with directions that an order modifying the divorce decree issue increasing defendant's child support payment to $35 per week.

Reversed and remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.