MARGO C. ADDINGTON, n/k/a Margo C. Fairbank, Plaintiff-Appellant, *v.* KEANE H. ADDINGTON, Defendant-Appellee.

First District (5th Division)   No. 76-418

Opinion filed May 6, 1977.

Rinella and Rinella, of Chicago (David B. Carlson, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Stewart S. Dixon and Kay L. Schichtel, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff appeals from the trial court's denial of her petition for modification of a divorce decree to increase child support. The sole issue on appeal is whether plaintiff has adequately demonstrated an increased need to warrant modification. We reverse and remand.

The parties to this suit were divorced in 1968. The divorce decree granted custody of the couple's four minor children to plaintiff. A written agreement by the parties was incorporated into the decree which adjusted their property rights, and provided for the support and education of the children, and for alimony to plaintiff. The agreement provided in relevant part that defendant was required to pay plaintiff $250 per month for the support and maintenance of each child until the child attended a school which necessitated living away from home, married or died. Defendant's support payment to plaintiff for any child attending school away from home was to be reduced to $100 per month. The agreement also stated that each child is the beneficiary of a trust which paid for his or her tuition and school expenses. However, defendant was required to pay the reasonable expenses of schooling (*e.g.*, tuition, books,

room and board, transportation, activity fees and personal expenses), in the event that a child's trust became insufficient to meet such expenses.

Plaintiff filed her petition for modification of the divorce decree on January 31, 1975. It is undisputed that defendant had been meeting his obligations under the decree, making payments of $850 per month to plaintiff for child support while the oldest child was away at college. The petition alleged *inter alia* that plaintiff's expenses for the children are in excess of $1400 per month, that she is without independent income to support the children, and that defendant has substantial income with which to "additionally" support the children. A schedule of expenses was attached to the petition. A revised petition and schedule allege that these expenses are in excess of $2000 per month; further, that since entry of the decree defendant has been relieved of his obligation to pay plaintiff $666 per month alimony, and that his income has substantially increased.

Defendant filed a response to the petition and a schedule, contending that in addition to the child support payments that he was required to make by the divorce decree, he has made voluntary contributions to the children in the form of allowances, membership fees, cash gifts, vacations and clothing.

At a hearing on the petition it was established that since her divorce from defendant, plaintiff remarried, and the $666 per month alimony payments she had been receiving from defendant were thereby terminated. Thereafter, plaintiff was divorced from her second husband, and at the time of the instant hearing was receiving $1200 per month as alimony from him. Defendant also remarried after the 1968 divorce, and had two children with his present wife. The four children born of the marriage between plaintiff and defendant ranged from 14 years to 19 years of age at the time of the hearing. The three younger children lived with plaintiff and attended private school in the area; the oldest child attended college out of State and lived with plaintiff only during vacations.

After considering the pleadings in the cause, the deposition transcripts of both parties, defendant's summary of deposition testimony, and argument of counsel, the trial court made certain oral findings of fact and conclusions of law. The court found that defendant's income is "materially greater" and that he has the ability to pay additional support. The trial court also found that plaintiff has shown a material change of circumstance, but that the change was brought about by inflation and the fact that as the children grew older it cost more to raise them. The trial court then stated:

> "Where is the material change in circumstances other than inflation and the increased age? Those two warrant the change in the child

support with nothing else being shown if on the husband's side or on the non-custodial parent's side, there is an additional ability to pay and the initial support payments were less than adequate."

The trial court also noted that the alimony that plaintiff was currently receiving from her second husband constituted "income" to her to the same extent as if she had been working. The trial court stated:

"It [plaintiff's alimony] is not relevant to the consideration with the respect to child support. But it is income, and it has to be taken into consideration because she has an obligation."

The trial court observed that having taken on all the rights of a custodial parent, plaintiff has the corresponding duty of support to the extent of her ability. The trial court further noted that the childrens' trusts paid for certain of their expenses, and that the only expenditures made by plaintiff on behalf of the children were for their clothing and for housing and food while they were home. The trial court then stated that it was "accepting the expenses that [plaintiff] is spending."

Defense counsel stated that in addition to the funds provided by the trusts and defendant's support payments, defendant pays each of the children regular allowances and that he has assumed other "voluntary obligations." The trial court orally found:

"[T]here is a material change of circumstance. I find that [defendant] is in a position where he can pay more child support but I do not find that it has been demonstrated that there is additional need. I find that the amount of child support awarded in '68 was in '68 more than adequate and is still more than adequate. This, in combination with the voluntary payment, and if the voluntary payment should cease, I would think it would not be inappropriate for there to be a reapplication to the Court."

However, the trial court then reviewed the provision in the divorce decree which referred to certain costs and expenses to be paid by defendant in the event that a child's trust income or assets become insufficient to meet the expenses. The trial court then concluded:

"To the extent that I said they were voluntary payments, they are not voluntary payments. They are required by the decree. But in view of them now, that makes my solution of the controversy even more readily apparent. He is required to make these allowance payments, there is no controversy with [sic] the payments made are not reasonable, so in effect, he is paying not $850 but he is paying $930. For the support of the three children who are at home, I should say $830 for the three who are at home and [an] additional $100 for the oldest child, * * * who is at college.

I think that these amounts of money fall within the appropriate for the need. I think [plaintiff] has a responsibility to pay a portion

of the expenses of these children. Not $850 a month. She can't afford $850 a month obviously, but she can afford two or three hundred dollars a month from the fund that she has received. And I would feel that $1200 a month or $1100 a month is an appropriate support for these children in view of the educational trust that have been established.

I am going to deny your request for increase in child support * * * ."

On appeal plaintiff argues that the trial court erred in refusing to grant her petition to increase child support payments.

Section 18 of the Divorce Act provides in part:

"The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintence, and the care, education, custody and support of the child, as shall appear reasonable and proper." Ill. Rev. Stat. 1975, ch. 40, par. 19.

■■ Modifications of child support payments rest within the sound discretion of the trial court. (*Sandberg v. Sandberg* (1973), 11 Ill. App. 3d 495, 297 N.E.2d 654; *Edwards v. Edwards* (1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.) Although courts of review are reluctant to interfere with that discretion, we will do so where the decision of the trial court is against the manifest weight of the evidence. *Kelleher v. Kelleher* (1966), 67 Ill. App. 2d 410, 214 N.E.2d 139.

■■■ An increase in child support is justified only when the needs of the children and the earnings of the supporting parent have been increased. (*Heady v. Simmons* (1975), 25 Ill. App. 3d 978, 324 N.E.2d 100; *Kelleher v. Kelleher.*) The burden of proof is on the petitioner to clearly show the increased need and increased ability to pay. (*Neeland v. Neeland* (1974), 17 Ill. App. 3d 803, 308 N.E.2d 651.) In the absence of evidence of defendant's increased ability to pay, it has been held that inflation alone is insufficient to show a material change in circumstance in that it affects both parties (*Nordstrom v. Nordstrom* (1976), 36 Ill. App. 3d 181, 343 N.E.2d 640), and the mere fact that the children grew older was similarly held insufficient. (*Patterson v. Patterson* (1960), 28 Ill. App. 2d 76, 170 N.E.2d 11.) However, where defendant's increased ability to pay is demonstrated, a proper basis for establishing increased need is that since the entry of the original support provision, the children have grown older and the cost of living has risen. (*Smith v. Smith* (1971), 132 Ill. App. 2d 722, 270 N.E.2d 206; *Kelleher v. Kelleher.*) Courts have also considered the best interests of the child in determining his or her need. *Novak v. Novak* (1956), 10 Ill. App. 2d 342, 134 N.E.2d 646 (abstract).

Plaintiff contends that she has alleged and proved the elements of defendant's increased ability to pay and the childrens' increased need,

and that she has therefore established a right to increased child support. On the other hand, defendant argues that although a determination of increased need and increased ability to pay will justify a change in child support, such a finding does not mandate modification where, as here, the children are receiving support in excess of the amount specified in the decree.

We note that in the instant case the trial court specifically found that there is an increased ability on the part of defendant to provide additional support. However, it also found that plaintiff has not shown a material change in circumstance, with respect to need, to warrant an increase in support, and that the only change asserted by plaintiff was brought about by inflation and the fact that as the children grew older the cost of raising them increased. It further found that defendant has been making payments in excess of what was required by the decree, and that plaintiff also has a responsibility to contribute toward the support of the children.

■■ The trial court "accepted" the schedule submitted by plaintiff which shows expenditures made on behalf of the children in excess of $2000 per month. Little evidence was adduced concerning the basis for these expenditures in relation to the childrens' need. However, in denying plaintiff's petition for support in excess of $850 per month she had been receiving, the trial court clearly stated that $1100 or $1200 per month is appropriate support for the children. We hold that in light of this finding, plaintiff has demonstrated to some extent a change of circumstances reflecting increased need, and that it was an abuse of discretion for the trial court to deny the petition. Accordingly, we vacate the order of the trial court and remand the cause for a proper determination of that increased need.

■■ For guidance upon remand, we would note that the childrens' need is not to be established merely by subtracting one constant portion of each household expense for plaintiff's share. It should be noted that the childrens' share of different expenses varies. For instance, their share of the apartment assessment would not bear the same proportion to the whole cost of housing as would their share of the total food expenditure. Each item should be computed on the basis of what the children actually require and consume.

■■ Further, under the terms of the decree, defendant was required to pay plaintiff $850 per month as support for the children under the circumstances that existed at the time of the hearing. The trial court found that defendant was paying in excess of $850 in that he made "voluntary payments" or "required allowance payments" *to the children.* We hold that such payment, whether considered gratuity or required allowance, is

not to be computed into the amount of support defendant is required to pay *to plaintiff* according to the childrens' need.

Moreover, the trial court stated that plaintiff also bears a financial responsibility to the children, and that in this regard her alimony from her second husband should be considered as income to her. Both parents have a duty to support the children of their prior union. (*Hursh v. Hursh* (1975), 26 Ill. App. 3d 947, 326 N.E.2d 95; *Edwards v. Edwards; David v. David* (1968), 102 Ill. App. 2d 102, 243 N.E.2d 485.) Support for the children may be obtained out of the property of either or both of their divorced parents as equity may require. (*Gaddis v. Gaddis* (1974), 20 Ill. App. 3d 267, 314 N.E.2d 627.) We hold that in the instant case plaintiff's independent financial resources should be considered in determining the extent to which she too is financially able to respond to the needs of her children.

For the foregoing reasons we reverse the judgment of the circuit court of Cook County and remand the cause for further proceedings not inconsistent with this opinion.

Reversed and remanded, with directions.

SULLIVAN, P. J., and WILSON, J., concur.