ELAINE LISS, Plaintiff-Appellant, *v.* EDMUND LISS, Defendant-Appellee.

First District (5th Division)   No. 77-1595

Opinion filed June 30, 1978.

Sandman, Levy & Moltz, of Chicago (Bernard W. Moltz, of counsel), for appellant.

Marvin I. Schneider, of Chicago (Harold W. Gautier, Jr., of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from an order denying an increase in child support payments. The only issue on appeal is whether the decision of the court below is contrary to the manifest weight of the evidence. We affirm. The pertinent facts follow.

Pursuant to a decree of divorce entered on December 14, 1972, plaintiff was given custody of the parties' three minor children. In the same decree defendant was ordered to pay $140 per month in alimony and $260 per month for child support. The alimony obligation terminated upon plaintiff's remarriage in 1975.

On June 13, 1977, plaintiff filed a petition for modification of the divorce decree requesting increased child support in an amount "more realistic and commensurate" with defendant's ability to pay. Plaintiff asserted that $260 was no longer adequate to support the children and that defendant could provide more support because his annual earnings had increased from $15,000 at the time of the divorce to $22,737 in 1977.

172

Defendant admitted the salary increase in his answer but denied that he could "readily afford" an increase in payments and that the children could not be supported on $260 per month.

At the hearing on the petition plaintiff testified that she and the children were living with her second husband; that she possesses neither property nor savings; that she expends $500 annually on the childrens' medical expenses and toiletries even though they have no extraordinary medical or dietary needs; and that she spends at least $50 on food every week for each child. She added that the total weekly food expense for the entire family was $225.

At the close of plaintiff's case, defendant moved for a directed finding on the ground that there had been no showing of an increased need by the children. The court granted the motion. This appeal followed.

OPINION

We note at the outset that plaintiff filed her notice of appeal on September 7, 1977, prior to the October 1, 1977, effective date of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 101 to 802). Consequently the new act is not applicable in the case at bar. Ill. Rev. Stat. 1977, ch. 40, par. 801(d).

■■■ The statute in effect at the time the appeal was perfected allowed the trial court to "terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper." (Ill. Rev. Stat. 1975, ch. 40, par. 19.) Reasonable and proper alterations are those necessitated when the conditions and circumstances of the parties have materially changed subsequent to the entry of the divorce decree. (Dixon v. Dixon (1977), 45 Ill. App. 3d 934, at 937, 360 N.E.2d 486.) In order to establish such a change, the proof must show both an increased need by the children for additional support and an improvement in the financial condition of the supporting parent which enables him to pay additional support. (Addington v. Addington (1977), 48 Ill. App. 3d 859, 863, 363 N.E.2d 151; Daniels v. Daniels (1976), 38 Ill. App. 3d 697, 700, 348 N.E.2d 259.) Defendant admits that his income increased but the court below did not find a change in the needs of the children. The burden of demonstrating this increase in need falls upon the party seeking the modification. See Glass v. Peitchel (1976), 42 Ill. App. 3d 240, 242, 355 N.E.2d 750.

■■ Plaintiff testified that the only needs of her children were medical expenses, clothing and food. There is no indication in the record of any noteworthy changes in the medical, educational or clothing requirements of the children since the divorce with the exception of dermatological treatments for one child. Plaintiff spends approximately $500 annually on

medical expenses and toiletries. This amount covers the expenditures for the skin treatments. The children attend public schools and require no additional money for special educational expenses. The food expense of $150 per week for the three children remained constant between 1972 and the present. Moreover the record indicates that this figure may be an exaggeration. From the foregoing we conclude that plaintiff failed to establish an increase in the needs of her children. Consequently we find no material change in circumstances which would warrant an increase in defendant's child support obligation. (See *Winter v. Winter* (1978), ___ Ill. App. 3d ___, ___ N.E.2d ___.) As a result, we do not find the decision of the court below to be contrary to the manifest weight of the evidence.

Accordingly, the order of the Circuit Court of Cook County is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.