JOHN A. SPENCER, Plaintiff-Appellee, *v.* VALERIE L. SPENCER, Defendant-Appellant.

Third District    No. 78-457

Opinion filed July 13, 1979.

Craig E. Collins, of Barash and Stoerzbach, of Galesburg, for appellant.

Barney Olson, II, of Galesburg, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Valerie L. Spencer appeals from an order of the Circuit Court of Knox County ordering plaintiff to pay to his former wife, Valerie, child-support money of $22.50 per week for each child, and, also, ordering that the parties share equally in the cost of all the children's emergency dental needs; and, likewise, ordering that Valerie Spencer be entitled to claim the two children as dependents for Federal and State income tax purposes.

The action in this case was instituted by an amended petition for modification of a divorce decree entered by the Circuit Court of Knox County on June 25, 1971, where custody of the parties' two minor children was vested in Valerie and required John to pay Valerie $15 per week child support for each child. In the amended petition for

modification, the petitioner asked to have the child-support allowances increased by $40 per week for each child and that John Spencer be ordered to maintain dental insurance for the two children and pay all uninsured dental costs which exceed $100 in any calendar year.

At the time of the entry of the divorce decree, the two children involved were aged 3 and 1 respectively and, at that time, John Spencer earned $10,000 a year and Valerie Spencer had monthly expenses of $237. The petition alleges a significant change in the circumstances of the parties in that John's salary had increased substantially to $19,080 a year and the needs of the children had also increased substantially.

Evidence presented at the hearing revealed that the expenses of Valerie Spencer, excluding her college tuition, daily paper and Valerie's dental and medical costs, had increased to a total of $903.88 a month. Valerie earned $360 per month through her work in a clothing store and, also, received $130 per month in child support payments for a total monthly income of $490.

John had remarried and moved to Chicago. As we have noted, his salary was increased to $19,080 per year. He had a child born to him by his new wife. His expenses ran $1,031.21 per month. As we have noted, the trial court, on the basis of the evidence presented, ordered John Spencer to pay Valerie child support of $22.50 per week for each child and ordered the parties to share equally the cost of emergency dental needs. The trial court denied Valerie's petition for reconsideration and rehearing.

■■ In meeting the basic issue in this case, we note that section 510(a) of the new Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 510(a)) provides that a divorce decree respecting child support may be modified "only upon a showing of a substantial change in circumstances" and does not further specify what is a "substantial change." We have noted, however, in *DeYoung v. DeYoung* (1978), 62 Ill. App. 3d 837, 842, 379 N.E.2d 396, 399, that "[s]ection 510(a) of the new Act codifies previous case law by requiring a showing of a substantial change in circumstances before a support order can be modified." As a consequence, we have concluded that cases determined prior to the new act are relevant in determining what disposition should be made with respect to child support cases.

In a recent case decided prior to the effective date of the new act, the appellate court stated:

> "Modifications of child support payments rest within the sound discretion of the trial court. (Citations.) Although courts of review are reluctant to interfere with that discretion, we will do so where the decision of the trial court is against the manifest weight of the evidence. *Kelleher v. Kelleher* (1966), 67 Ill. App. 2d 410, 214

N.E.2d 139." *Addington v. Addington* (1977), 48 Ill. App. 3d 859, 863, 363 N.E.2d 151, 154.

■■ The instant case is similar, from factual standpoints, to our recent decision in *Daniels v. Daniels* (1976), 38 Ill. App. 3d 697, 348 N.E.2d 259, in which we ordered an increase in child-support payments of $10 per week more than that ordered by the trial court. In *Daniels*, the parties were divorced in 1971. At that time, the mother received custody of their daughter, and the father was ordered to pay $20 per week in child support. The mother's expenses totaled $246 per month at the time of the divorce. By 1975, when the mother filed the petition to seek an increase in child support payments, her expenses had increased to $770 per month. Her monthly income even with the $5 per week increase in child support payments ordered by the trial court, amounted to only $702 by 1975. Thus, her expenses exceeded her income by $68 per month.

During that same period, between 1971 and 1975, the father's income had increased from $10,585 per year in 1971, to $19,096 per year in 1975. The father had remarried and his new wife had given birth to another child. He had monthly expenses to $1,051.79 in 1975.

In the *Daniels* case, in concluding that the trial court's order increasing the child support allowance by only $5 per week was contrary to the manifest weight of the evidence, we stated:

"Without computing the defendant's surplus income over his listed expenses with complete exactness it is clearly apparent that he could readily afford more than the $5 per week increase he volunteered and which the trial court subsequently ordered. Plaintiff had not requested or received an increase in support from the date of the divorce in 1971 until the entry of the order appealed from in 1975. The increase granted by the trial court could not even meet the inflationary increase for necessaries since 1971. Defendant obviously has not been carrying his share of the cost of supporting his own child in light of his own substantial increase in earnings since the divorce." *Daniels v. Daniels* (1976), 38 Ill. App. 3d 697, 700, 348 N.E.2d 259, 260-61.

In the instant case, Valerie Spencer's expenses had increased from $237 per month to $903 per month, while her monthly income had only increased to $490. Adding the $7.50-per-week increase in child-support payments for each child, ordered by the trial court in this case, would bring Valerie's monthly income to $554.50, less than expenses, by $349.38 per month, even considering the increase in the child support ordered by the trial court. Meanwhile, her ex-husband, like the ex-husband in *Daniels*, had almost doubled his income, increasing from $10,000 per year to $19,080 per year. In the instant case, as in *Daniels*, it is clearly apparent that the father could readily afford more than the ordered $15 ($7.50 for

each child) per week increase, and that in light of his salary increase, her husband has not been carrying his share of the cost of supporting his own children.

As we have noted in many cases, including *Daniels*, the best interests of the children are of paramount concern in cases such as the instant case. The increased needs of the children in the instant case require that the father be ordered to increase his child support payments, consistent with his increased earnings. John Spencer receives a monthly salary of $1,590 and his monthly expenses are $1,031.21. Thus his income exceeds his expenses by $558.79 per month. On the basis of such figures, an increase from $15 for each child to a sum of $40 per week for each child was clearly warranted. This represents a child-support monthly expense of only $344 to John Spencer, while it increases Valerie's monthly income to $705. It thus makes it much easier for Valerie to meet her $903.88 monthly expenses.

Defendant Valerie Spencer has failed, however, to demonstrate or establish in her brief how the trial court's decision with regard to the dental expenses was contrary to the manifest weight of the evidence. We, therefore, find no reason to reverse that portion of the trial court's judgment. In the exercise of our jurisdiction to give complete determination to the cause on review and make any order which should be made, we affirm that part of the judgment of the Circuit Court of Knox County ordering plaintiff and defendant to share equally in the cost of all emergency dental needs, but we reverse the judgment order ordering plaintiff to increase child support payments by $7.50 per week for each child and remand this cause with directions that an order modifying the divorce decree by increasing plaintiff's child support payments to $40 per week for each child, should be entered by the trial court.

This cause is, therefore, remanded for the specific purpose of modification of the order of the trial court in accordance with the views and directions expressed in this opinion.

Remanded with directions.

STENGEL and BARRY, JJ., concur.