KATHLEEN MOSES, Plaintiff-Appellant, *v.* ARTHUR MOSES, Defendant-Appellee.

(No. 53682; )

First District—April 16, 1971.

Gomberg, Missner & Schaps, of Chicago, for appellant.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order of the Circuit Court which granted her a $10.00 per week increase in child support and denied her attorney's fees. On appeal plaintiff contends that the increase in child support is inadequate and that the court erred in failing to order defendant to pay her attorney's fees.

In 1965 a divorce was granted to plaintiff on the grounds of cruelty. At the same time plaintiff was granted custody of the three children that were the issue of the marriage. Defendant was ordered to pay $45.00 per week for child support. Sometime after the divorce the plaintiff remarried; however, that marriage ended when her husband was killed in a fire that destroyed the family residence. Plaintiff and the children lived with friends until, upon agreement of the parties, the court ordered that the children would live with defendant until the plaintiff could secure proper living quarters. Some nine months later plaintiff filed a petition to regain the custody of the children, to increase the support payments and to recover attorney's fees. The court ordered the children be returned to the plaintiff after the school year expired. A hearing was later held as to the merits of the other contentions of plaintiff.

At that hearing, evidence concerning the financial condition of both parties was produced. Mr. Moses' gross income was shown to have increased from $7,100.00 in 1965 to $11,078.85 in 1967. Mr. Moses approximated his income for 1968 would be $11,890.00. Mrs. Moses was earning a net salary of $81.86 per week, or $4,256.72 per year, in 1967. Her expenses totaled $640.00 per month. The record also discloses an increase in the needs of the children. At the time of the divorce, 1965, the children were seven, five and two years old. Only one child was in school at that time. At the time of the hearing on the instant petition the children were ten, eight and five years old. As of the 1967-1968 school year all would be enrolled in school. Food and clothing expenses of the children have also increased.

An order was entered ordering defendant to pay an additional $10.00 per week child support and requiring each party to pay his own attorney's fees.

■■ A court may properly order an increase in child support where the needs of the children require, if the father is financially able to make the payments. Stating the proposition from another perspective, it could be said that the amount of child support payments should be determined, on petition for modification, on the basis of the then existing changed factual situation, in the same way as the court would on a hearing in connection with an original divorce decree. This court believes the increase in child support payments ordered by the court below was inadequate. In spite of that increase plaintiff must still operate her household, caring for the children at a deficit. An increase of the support payments to $70.00 per week would enable plaintiff to provide for the children in a proper manner. While this court is hesitant to substitute its findings for those of the trial court we must modify the findings below when they are contrary to the manifest weight of the evidence. (*Kelleher v. Kelleher* (1966), 67 Ill.App.2d 410.) We feel compelled, therefore, to direct the court below to enter an order requiring defendant to make child support payments of $70.00 per week.

■■ Plaintiff also contends that the court below erred in failing to order defendant to pay plaintiff's attorney's fees. Attorney's fees may properly be awarded when the court finds one spouse financially unable to pay while the other spouse is financially able. (*Lauzen v. Lauzen* (1967), 81 Ill.App.2d 472.) The evidence presented at the hearing clearly indicated the ability of Mr. Moses to pay the fees and the inability of Mrs. Moses. At the hearing, the court found $350.00 would be a reasonable fee to compensate plaintiff's attorney for his efforts but ordered each party to pay his own attorney's fees. We believe that the court

erred, when, upon these findings, it failed to order payment of plaintiff's fees by defendant.

Accordingly, the order of the Circuit Court is reversed and the cause is remanded with directions to enter an order modifying the weekly support payment to $70.00 and requiring defendant to pay plaintiff's attorney's fees of $350.00.

Reversed and remanded with directions.

ENGLISH, P. J., and DRUCKER, J., concur.