Lois Swanson, (Lois Winterbottom), Plaintiff-Appellant, *v.* Harold E. Swanson, Defendant-Appellee.

(No. 70-195; )

Third District—October 21, 1971.

Winstein, Kavensky & Wallace, of Rock Island, for appellant.

John A. Bell, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

In February, 1964, the circuit court of Rock Island County entered a decree of divorce in favor of Lois Swanson, Plaintiff-Appellant, against Harold Swanson, Defendant-Appellee. The decree awarded custody of Carol, the minor daughter of the marriage to plaintiff. In June, 1970, defendant filed his petition seeking modification of the divorce decree and asked that custody of Carol be awarded to him. After hearing the court modified the decree of divorce and granted custody of Carol to the defendant from which order plaintiff has appealed.

The facts are largely undisputed and to the extent relevant to this appeal need only be summarized briefly. Plaintiff and defendant have each remarried and each have established new households in or near the Rock Island County area. At the time of the hearing Carol was 15 years old and had resided continuously with her mother and after her mother's remarriage with her step-father from the date of the original decree. The court found and the evidence so indicates, that both parents were fit and proper custodians, each had established stable relationships and each parent could and would provide appropriately for the care of Carol.

The evidence is likewise undisputed that Carol is and has been an emotionally well adjusted girl, does well in school, gets along well with her mother and step-father and presented no problems particularly different from those of other girls of her age. In her testimony Carol did indicate that she desired and preferred to live with her father. In attempting to establish some reasons for his preference Carol referred vaguely to arguments between her mother and step-father but could not recall the nature of any such arguments, referred to disagreements re-

garding restrictions on her conduct by her mother and alluded to the grouchiness of her step-father.

In seeking to reverse the order of the trial court awarding custody of Carol to the defendant father the plaintiff mother argues that the evidence as a matter of law fails to show any change in circumstances supporting the modification order.

■■■ Both parties have cited and alluded to cases announcing and applying the general rule applicable to custody cases namely that the welfare of the child is the cardinal consideration in determining the custodial arrangements for such child. Equally axiomatic is the corollary rule that once custody has been decreed it will not be modified unless there are changed circumstances affecting the welfare of the child requiring a modification of the custodial arrangement. Changed circumstances do not in and of themselves authorize changes in custodial arrangements but such changed circumstances must affect the welfare of the child. Remarriage of one or both of the parents while a changed circumstance is not sufficient to authorize modification of a custodial arrangement unless such remarriage affects the welfare of the child. (*Jingling v. Trtanj*, 99 Ill.App.2d 64, 241 N.E.2d 39.) In the case at bar each parent has remarried but neither defendant nor the trial court have indicated how or in what manner such remarriages have any adverse effect on the existing custodial provision awarding custody of Carol to her mother. In fact the evidence appears undisputed that the relationships between mother, daughter, father and new spouses has been one conducive to Carol's welfare.

This brings us to Carol's stated preference to discontinue living with her mother and step-father and live with her father and step-mother. A review of the evidence together with the trial court's observations reveals that Carol's preference appears to be the only basis for modifying the custodial arrangement.

■■ Although the preferences of a minor child are important factors to be considered in custodial arrangements the court is not bound to follow such wishes. (*Stickler v. Stickler*, 57 Ill.App.2d 286, 206 N.E.2d 720.) As indicated in *Elble v. Elble*, 100 Ill.App.2d 221, 241 N.E.2d 328, the wishes and preferences of the child standing alone do not warrant changing custodial provisions previously established. In *Stickler v. Stickler, supra*, a case in which the facts are strikingly similar to those in the case at bar, the court discusses the subject of a child's preferences at length and concludes that such preference is insufficient to warrant a transfer of custody.

*Marcus v. Marcus*, 109 Ill.App.2d 423, 248 N.E.2d 800, cited by defendant and referred to by the trial court, insofar as it has any relevancy

to the issues of this case is contrary to the result reached by the trial court. In the Marcus case a 14-year-old boy expressed strong preferences to continue living with his grandmother rather than being willing to leave his grandmother's and live with his mother. It should be observed that in the Marcus case the court of review decided in favor of continuity of the custodial relationship between grandmother and son in accord with his preference, but more importantly concluded that such relationship was for his best interest because of a myriad of other circumstances.

In the case at bar Carol's preference to start living with her father is not supported by any reasons suggesting that such change or preference is for her best interest. In fact the evidence indicates the contrary. Although the plaintiff and defendant had prior disagreements regarding visitation it appears that defendant's reason for seeking a modification of the decree was principally because his daughter wanted him to do so. Furthermore it appears that her desire was precipitated in large measure by her mother's refusal to let her go on a vacation to California with the defendant. It is also difficult to avoid the conclusion from the evidence that to some extent Carol at her age was feeling some resentment or irritation at what she believed to be undue restrictions and believed that fewer limitations would be imposed if she became a member of her father's household. Such feelings are not uncommon.

■■ It is our conclusion that the desires and preferences of a child for change in custodial arrangements is only appropriate when based on reasons related to a child's best welfare. Where such reasons are absent as we believe they are in the instant case, the child's preference is not an appropriate basis for modifying the custodial provisions in a decree.

For the foregoing reasons the order of the circuit court of Rock Island County modifying the decree of divorce is reversed.

Decree reversed.

ALLOY, P. J., and DIXON, J., concur.