Elizabeth H. Sovey, Plaintiff-Appellee, *v.* Glenn R. Sovey, Defendant-Appellant.

(No. 74-418;

Third District—August 7, 1975.

Braud, Warner & Neppl, of Rock Island (Michael J. Warner, of counsel), for appellant.

Joseph R. Rosborough, of Moline, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Elizabeth Sovey filed a petition for a show cause order seeking to compel the respondent, Glenn Sovey, to comply with a provision of a divorce decree for the payment of college expenses for their son. The respondent answered the petition by claiming that he had paid all college expenses. He also filed a counterpetition requesting that the court declare his obligations terminated. After a combined hearing on both petitions the trial court ordered respondent to pay $1,600 to St. Ambrose College for his son's tuition for the academic year commencing 1974 and also to repay a $1,000 loan the proceeds of which had been applied to payment of tuition during the son's attendance at college.

This appeal involves a property settlement agreement which was entered into by the parties prior to their divorce and thereafter incorporated into the decree of divorce entered August 21; 1968. According to the property settlement provision the real estate of the parties shall be owned by them as tenants in common and appellant may continue to occupy the premises without charge and shall provide continuing education for his two sons through college by payment from his own earnings and from his share of the said real estate. Petitioner waived her claim to alimony in consideration of those terms.

This controversy arises over the college education of Roger Sovey, a son of the parties, who at the time of the hearing on this petition in September, 1974, was 22 years of age. Roger graduated from high school in June, 1970 and lived with his father until September, 1970. He then attended Rocky Mountain College in Montana for one semester commencing September, 1970. In January, 1971, he returned to live with his father and attended Blackhawk College in Moline, Illinois, for the semester commencing January, 1971, and also for the semesters commencing September, 1971, January, 1972, and September, 1972. From January, 1973, until September, 1974, Roger did not attend college but worked in the Moline area living at home for the first half of 1973 and then lived in Champaign for the last half of 1973 on a work training program. He returned to Moline in January, 1974, lived with his father and worked until September, 1974, when he returned to college at St. Ambrose in Davenport, Iowa. Although requested to do so, the father declined to pay any of Roger's college expenses after September, 1974, and such refusal precipitated the filing of the petition in this case to require such payment.

On this appeal the appellant urges the trial court abused its discretion in requiring him to pay further college expenses for his son and in failing to hold that his obligation had been terminated. We find no abuse of discretion by the trial court, and the claim of appellant that said judgment is erroneous is, we believe, without merit.

■■ It is now well settled a court of equity may require the parents, or one of them, as a part of a divorce proceeding to provide for the care and education of their children for periods beyond the minority of such children. (*Strom v. Strom*, 13 Ill.App.2d 354, 142 N.E.2d 172; *Maitzen v. Maitzen*, 24 Ill.App.2d 32, 163 N.E.2d 840.) Where the father's financial ability is ample to provide a college education for his child and the child shows an aptitude that would indicate he would benefit from such college education, the court may in the exercise of its discretion require the father provide such college education. (*Duvall v. Duvall*, 8 Ill.App.3d 53, 289 N.E.2d 59.) As indicated in the foregoing cases, provision for

college education may be required even though the child may be an adult. Where as in the instant case the obligation to provide a college education for the children to the parties of a divorce action was included in the property settlement agreement and thereafter incorporated in the decree of divorce the obligation to provide the college education is even more definite and obligatory on the parties.

■■ It is undisputed Roger successfully completed 2½ years of college, he had an aptitude for a college education and his father's monthly income in excess of $1,300 was adequate to provide the funds for such college education. In asserting his obligation should have been deemed terminated the appellant produced figures and estimates of expenses indicating he had provided benefits to his son Roger totaling approximately $7,600 between June, 1970 and September, 1974. This total included not only tuition and direct college expenses but also allocations for room, board, use of the car, clothing and spending money while Roger lived with his father in Moline in the house owned as tenants in common by the appellant and appellee. During the summer periods of 1970, 1971 and 1972 Roger was employed but did not contribute to or reimburse his father for any of his living expenses. Likewise, after January, 1973, Roger made no such contribution even though he was employed at least part of the time. So far as the evidence is concerned it does not appear the father ever made any request for payment by the son of these expenses, nor does the father's testimony indicate they were provided with any expectation of reimbursement. Likewise, it appears that whatever money Roger did earn was used for his living expenses, and even though some of the expenses were incident to his attendance at college, no claim for reimbursement was made.

The principal reasons appellant believes his obligations to provide a college education for Roger have been satisfied arise from his claim that Roger's college attendance had terminated in January, 1973, and his further claim that amounts which he had spent for Roger's living expenses while Roger was not attending college should be considered as a setoff against any future obligation to provide a college education.

With respect to appellant's first reason for believing he had satisfied his obligation we find there is simply no evidence to support his contention. Appellant suggests that the period during which his son should or could attend college should come to an end sometime, a contention with which we agree but under the evidence appearing in this record we find there was no intention either by Roger or his parents to consider that Roger had abandoned his intentions to attend college. From the testimony it is undisputed that he was successful in college, and it ap-

pears that he had every likelihood of completing his college studies satisfactorily.

We likewise find the evidence is sufficient to support the trial court's conclusion the appellant was not entitled to a setoff for the expenditures claimed. It is clear these expenditures were made without any expectation of repayment at the time they were made. Without some obligation either on the part of Roger or his mother to repay or reimburse the father for such expenditures, the question of whether the father was or was not obligated to make the payments which he made is irrelevant in determining whether he has performed his obligations under the property settlement agreement.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.