JOSEPHINE T. KILLINGER, Plaintiff-Appellee, v. PARKE M. KILLINGER, Defendant-Appellant.

First District (4th Division)    No. 60795

Opinion filed July 28, 1976.

Phillip M. Citrin and Roderick E. MacRae, both of Chicago (Davis, Jones & Baer, of counsel), for appellant.

Jerome Berkson, of Chicago (Dennis A. Berkson, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal from a post-divorce decree order increasing support payments.

The issues presented for review are:

> (1) Whether the trial court abused its discretion in increasing defendant's child support obligation; and

> (2) Whether the trial court had authority to transfer to plaintiff one of four children as a dependent for income tax purposes.

Plaintiff, Josephine T. Killinger, received a divorce from defendant, Parke M. Killinger, on December 12, 1972. The decree awarded custody of the couple's four minor children, ages 11, 10, 6 and 2, to plaintiff and ordered defendant to pay $450 per month for child support based on his approximate annual income of $20,000. Plaintiff waived alimony in return for defendant's interest in the marital home.

On January 18, 1974, plaintiff filed a petition alleging that a substantial change of circumstances warranted an increase in child support payments.

At the hearing on the petition the parties and their attorneys were the sole witnesses. Plaintiff testified that she was not employed at the time of the divorce decree, but is now employed and must retain a baby-sitter during her working hours. She also related that the costs of the children's clothing doubled from 1972 to 1973 and that the children's entertainment expenses tripled, particularly due to her taking them out to dinner. She further stated that she now had an additional $213 per month child expense since she became employed. Her testimony was that her expenses totaled $1,080 per month, excluding her clothing and food, and that she earned $7,521 gross in 1973, while her net income amounted to $6,850.

Defense counsel admitted that defendant earned $29,000 in 1973. Defendant then testified that his gross earnings for the first three months of 1974 amounted to $5,000 and his net earnings were $3,000. He also stated that he received a bonus of $3,200 for this same period of time and estimated that further equivalent bonuses would probably continue throughout the year. The court determined these bonuses to amount to an average net bonus of $600 per month and added that figure to defendant's monthly earnings of $1,000 to arrive at a total net monthly income of $1,600.

The court ordered an increase in child support from $450 to $600 per month for the support of the four children and allowed plaintiff to claim the youngest child as a dependent for income tax purposes so that she

could take the child care deduction for her use of the baby-sitter. Int. Rev. Code of 1954, §214.

■■ ■ Defendant alleges that the trial court abused its discretion in modifying the child support award. He asserts that the change in the circumstances of the parties does not justify this increase.

The petitioning party must demonstrate a sufficient change in the circumstances of the parties since the previous order. *(Gaines v. Gaines* (1969), 106 Ill. App. 2d 9, 245 N.E.2d 574.) The trial court will then take into consideration the increased needs of the children and the increased ability of the father to further contribute to his children's support. *(Page v. Page* (1975), 30 Ill. App. 3d 514, 334 N.E.2d 212.) Furthermore, this court has interpreted the section of the Divorce Act pertaining to custody and support arrangements (Ill. Rev. Stat. 1973, ch. 40, par. 19) as placing an equal burden on the mother and the father to support their children. *(Hursh v. Hursh* (1975), 26 Ill. App. 3d 947, 326 N.E.2d 95.) The trial court will thus consider the ability of the mother as well as that of the father when ruling on a petition for modification of child support. Nevertheless, the alteration of a divorce decree rests in the sound judicial discretion of the trial court, and the reviewing court will not disturb that court's findings unless the record shows an abuse of that discretion. *Edwards v. Edwards* (1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.

In the case before us, testimony revealed that the needs of the children had increased since the entry of the divorce decree. Plaintiff testified that her employment necessitated the additional expense of a full-time baby-sitter, which expense amounted to $213 per month. She further related that the costs for the children's clothing doubled from 1972 to 1973 and that entertainment expenses tripled due to the frequency of having to go out for dinner.

Defendant's financial capabilities increased between December 12, 1972, and April 26, 1974, the date of the post-decree hearing. His 1972 income amounted to approximately $20,000 gross. Through his attorney, defendant stated that his gross 1973 income amounted to $29,000. His income for the first three months of 1974 came to a gross of $8,200, taking into account both his gross earnings and his gross bonus. At that rate, defendant's gross 1974 income would amount to $32,800, an increase of $12,800 over his gross 1972 income. Plaintiff testified that her gross 1973 income totaled $7,521.

■■ The trial court considered the increased financial needs of the children and the changed financial situations of both parents in increasing child support payments from $450 to $600 per month and in allowing plaintiff to claim the youngest child as a dependent for income tax purposes. We have examined the record and find the trial court to have

had before it a sufficient change in circumstances to warrant an increase in child support.

Defendant maintains that the trial judge erred in transferring to plaintiff the claim of the youngest child as a dependent for income tax purposes because any relief granted must follow the proofs in support of the allegations in the complaint. Defendant further argues that plaintiff in the case before us should be denied the relief of a transferred dependent for income tax purposes since no allegation or proper proof was offered to the court.

The section of the Divorce Act pertaining to the custody and support arrangements (Ill. Rev. Stat. 1973, ch. 40, par. 19) provides in pertinent part: "The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper." In addition, plaintiff's prayer for relief requested "such other and further relief as in equity may be just." The pivotal issue is whether plaintiff has evinced a sufficient change in the circumstances of the parties since the rendition of the divorce decree to warrant an increase in child support. Once such a change has been found to exist, the trial court has statutory power to "make such alterations * * * as shall appear reasonable and proper." We find no error in the trial court's transfer of the youngest child as a dependent for income tax purposes. Plaintiff may thus claim a deduction for expenses paid to the baby-sitter under the Internal Revenue Code of 1954, §214. The transfer and the increased monthly payments simply combined to form the trial court's modification of defendant's child support obligation.

For the foregoing reasons we affirm the order of the trial court.

Affirmed.

DIERINGER and BURMAN, JJ., concur.