VERNON W. IMES, Plaintiff-Respondent-Appellant, *v.* SHIRLEY A. IMES, Defendant-Petitioner-Appellee.

Third District   No. 77-133

Opinion filed September 28, 1977.

794

SCOTT, J., concurring in part and dissenting in part.

James A. Cummings, of Peoria, for appellant.

James L. Hafele, P. C., of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was instituted by the respondent, Vernon W. Imes, from a modification of a divorce decree. The modification, which was sought by the petitioner, Shirley A. Imes, required that each parent contribute to the support of their two older daughters, Cheryl and Linda, for education purposes. The respondent is to contribute $2,000 per academic year, while the petitioner is to contribute $1,000 per academic year, for each of the two older daughters. These payments are to terminate upon the receipt by the daughters of their bachelor degrees. The same educational support provisions will apply to the youngest daughter, Elizabeth, if, and only if, she attends college away from the City of Peoria. In addition, the modification made the respondent responsible for the doctor, hospital, dental, orthodontic and other health related expenses of all the daughters to the extent those expenses are paid or payable through the respondent's Caterpillar insurance program. Any bills not payable through the program are to be paid by the girls, except for Elizabeth, whose medical expenses are to be paid by the respondent. Furthermore, the modification gave custody of Elizabeth to the parties, jointly, but it allowed Elizabeth to live in the home of either party "as she sees fit." As support for Elizabeth, the respondent was ordered to pay $25 per week. The respondent was also ordered to pay $750 as attorney's fees for the petitioner.

The education and health support provisions were not included in the original divorce decree. Nor were the support payments a part of the divorce decree because, originally the respondent was given custody of all three children. As a result the respondent challenges the propriety of each provision of the modification. The petitioner cross-appeals, contending that she should have sole custody of Elizabeth, should receive greater support payments and should receive more money in the way of attorney's fees.

The parties and each of the children testified at the hearing. Instead of reciting this testimony, it will be considered as it is relevant to the issues addressed.

The first issue raised by the respondent is whether he should be obligated to pay the educational expenses of any of his daughters. Simply stated, the answer is yes, for all of them.

Cheryl, he claims, was emancipated because she left her father when she was 17 years old. While away from respondent's residence, she intermittently lived in several different apartments in the Peoria area with her mother and, on occasion, with a boy friend. She started her college education at the local junior college at age 18. To continue her college education, she went to New Mexico. There, during the summer of 1976, she lived with another young man, for a time, but they both worked. These facts, according to the respondent, make Cheryl emancipated. We can not agree.

■■■ The respondent had a duty to support Cheryl until she was 18. She was still only 18 when she began her college education. Not only may a divorce decree require a parent to provide for the education expenses for a child beyond the age of majority (*Sovey v. Sovey* (3d Dist. 1975), 30 Ill. App. 3d 690, 333 N.E.2d 299), but the decree may be modified as to provide for a college education for a child beyond the age of majority. (Ill. Rev. Stat. 1975, ch. 40, pars. 14, 19.) The fact that Cheryl did not live with the respondent for about a year before beginning her college education is not sufficient emancipation to warrant our concluding that the trial court abused its discretion in this case.

■■■ The respondent also contends that he should not be required to pay support for Linda's education expenses. Both daughters have isolated themselves from their father and neither asked, nor received, his consent for them to attend the college of their choice, though he encouraged them to consider a college education. In our view, these contentions can best be disposed of by adopting the statements made by this court in a factually similar case, *Hight v. Hight* (3d Dist. 1972), 5 Ill. App. 3d 991, 995, 284 N.E.2d 679, 682, as follows:

> "[I]t is our conclusion the trial court did not abuse its discretion in requiring defendant to contribute to the educational expenses of his daughter even though the relationship between them was less than satisfactory to him. Furthermore we find no merit to defendant's claim that he should be excused from contributing to his daughter's educational expenses because he was not consulted in advance about them."

■■ Next, the respondent argues that the trial court did not properly allocate the education support payments between the parties and that, because Linda had sufficient resources to pay for her education, he should not be required to contribute to her education. The record clearly shows

that the income and equity of the parties were before the court. Furthermore, Linda and Cheryl each testified as to their respective incomes, resources and expenses. The modification of child support payments is within the discretion of the trial court, and once that discretion is exercised, it will not be overturned unless there is an abuse of discretion. (*Edwards v. Edwards* (4th Dist. 1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.) From a review of the record, it does not appear the trial court abused its discretion concerning the allocation of support or by requiring the respondent to pay the educational expenses of Linda, or Cheryl for that matter. The amount of the expenses ordered is well within the range of the testimony concerning the needs and financial resources of the parties.

■■ Another of the respondent's issues concerning education expense payments is whether the trial court abused its discretion by ordering the respondent to pay the education expenses of Elizabeth, who was then only 16 years of age. Regardless of whether the child is a minor, or has attained the age of majority, the trial court may modify a divorce decree to require a parent to pay the educational expenses of a child arising after the child reaches the age of majority. (Ill. Rev. Stat. 1975, ch. 40, pars. 14, 19.) In the case at bar, the respondent has not been ordered to make present payments for the child's future education. He is to make the payments only if the child goes away to college. Such provisions are regularly included in divorce and divorce modification decrees. Since there are no Illinois authorities holding the inclusion of such a provision to be an abuse of discretion, we find that the inclusion of such a contingency support plan in this case is not an abuse of discretion on the part of the trial court.

■■ In an argument similar to his challenges to the education support provisions, the respondent contends that the trial court abused its discretion by requiring him to pay the medical expenses of Cheryl and Linda to the extent those expenses are covered by his insurance. In the *Hight* case, this court affirmed the modification of a decree which included requiring the parent to pay the child's medical expenses while attending college, even though the child had attained her majority. Although the issue does not appear to have been raised in the *Hight* appeal, we find the provision here is not an abuse of discretion. It merely requires that the defendant maintain the insurance he already has available through his employment. It does not require that he obtain different insurance. Nor does it require that he pay any medical expenses which the insurance does not cover.

■■ Custody and child support payments for other than educational purposes are the next areas of contention between the parties. Although disagreeing as to who should have custody of Elizabeth, they agree that custody should be in only one parent. Although child custody may be

changed from time to time in the best interests of the child (*Randolph v. Dean* (3d Dist. 1975), 27 Ill. App. 3d 913, 327 N.E.2d 473), the mere preference of the child, unsupported by any reason suggesting that a change in accordance with the preference was in the child's best interests, is an insufficient basis for a change of custody. (*Swanson v. Swanson* (3d Dist. 1971), 1 Ill. App. 3d 753, 274 N.E.2d 465.) To summarize Elizabeth's testimony, she says she doesn't love her father, can not get along with him and wants to live with her mother. We believe the trial court erred in not granting custody of Elizabeth to only one parent. Therefore, the provision of the order awarding custody to the parents jointly is reversed.

■■ The petitioner contends that child support payments of $25 per week are insufficient. Both the needs of Elizabeth, and the ability of both parties to support her were before the trial court. As a result, we can not conclude that the trial court abused its discretion by setting the child support payments of the respondent at $25 per week for Elizabeth.

■■ In the list of issues in the appellant's brief, the respondent attempts to raise as an issue whether the petitioner is in contempt for not encouraging Elizabeth to return home. Although it is not clear, this "issue" appears to arise from the trial court's dismissal of the respondent's petition for rule to show cause. However, the respondent does not appear to argue this point in his brief. Therefore, we deem this issue to be waived.

The last issue raised by the respondent is whether the trial court abused its discretion in awarding attorney's fees to the petitioner. On the other hand, the petitioner is seeking an award of attorney's fees in excess of that awarded by the trial court. The awarding of attorney's fees rests largely in the discretion of the trial court, absent an abuse of discretion. (*Knox v. Knox* (1st Dist. 1975), 31 Ill. App. 3d 816, 334 N.E.2d 891.) Nevertheless, the allowance of attorney's fees is not automatic, but requires a showing of the inability of one party to pay and the ability of the other party to pay. *McLeod v. McLeod* (1st Dist. 1971), 133 Ill. App. 2d 111, 272 N.E.2d 834.

■■ The evidence presented at the hearing established that the petitioner had a gross income in 1975 of $15,912, a savings account with about $1,200 and an undetermined equity in her condominium. On the other hand, the respondent's 1975 gross income was $25,000. In addition, he had several hundred shares of stock valued at about $15,000, a savings account with a balance of $3-4,000, and $30,000 equity in his residence. Although these facts establish that the respondent had a greater ability to pay attorney's fees, they do not establish that the petitioner was unable to pay her attorney's fees. As a result, the trial court abused its discretion by ordering the respondent to pay $750 to the petitioner as attorney's fees.

Accordingly, the judgment of the Circuit Court of Peoria County is

reversed to the extent it ordered a change in child custody and awarded attorney's fees, and the cause is remanded to the trial court for a new determination of custody of Elizabeth. In all other respects, the judgment is affirmed.

Affirmed in part, reversed in part.

STENGEL, P. J., concurs.

Mr. JUSTICE SCOTT, concurring in part and dissenting in part:

I concur with my colleagues as to their determination of all the issues raised in this appeal with one exception. That exception pertains to the trial court's order that the respondent father pay to the petitioner mother the sum of $750 as an award of attorney fees. I believe that this award should have been affirmed. The law in Illinois is clear that an award of attorney fees, and the amount thereof, lies in the discretion of the trial court and will not be set aside unless there is an abuse of discretion. *Moses v. Moses* (1971), 132 Ill. App. 2d 443, 270 N.E.2d 513.

The majority opinion sets forth the financial status of the respective parties as near as the trial court was able to ascertain the same. We note that the financial standing of the parties in the instant case is proportionately quite similar to that found in the case of *Knox v. Knox* (1975), 31 Ill. App. 3d 816, 334 N.E.2d 891. In *Knox* the reviewing court sustained the trial court's award of attorney fees in the amount of $1,000.

I have alluded to the fact that the trial court experienced some difficulty in ascertaining the financial standing of the respondent. That the trial court had such a problem is supported by the record. The respondent had no difficulty reciting his obligations and expenditures he made for flowers and gifts, but his memory faltered as to the value of his assets. He did not know how many shares of Caterpillar stock he had vested in his retirement program, nor could he recall the sales price of a home which he had recently sold and he couldn't remember what he had paid or agreed to pay for a new home purchased only a few weeks prior to the modification hearing. This court encountered a similar situation in the recent case of *Courson v. Courson* (1977), 47 Ill. App. 3d 318, 361 N.E.2d 1173, and we deemed that such evasiveness should be a factor in determining whether an award of attorney fees should be made.

For the reasons set forth I dissent from that portion of the majority opinion which denied the petitioner an award of attorney fees. In my opinion the court did not abuse its discretion in making such an award in the sum of $750.