FRANCES DELORES HARDING, Plaintiff-Appellee, *v.* JAMES HENRY HARDING, Defendant-Appellant.

Fourth District   No. 14458

Opinion filed April 14, 1978.

Gunn, Hickman, Kesler, Jenkins & Vogel, Ltd., of Danville (John B. Jenkins, of counsel), for appellant.

No appearance for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

On October 30, 1972, the circuit court entered a decree of divorce which dissolved the 22-year marriage between James and Frances Harding. On September 16, 1976, Frances Harding, on behalf of the parties' daughter Melissa, filed a petition seeking a modification of the divorce decree which would, thereafter, compel the defendant, James Harding, to pay additional educational expenses for Melissa. On January 13, 1977, such a modification order was entered, pursuant to which the defendant was ordered to: (1) pay a small medical bill; (2) reimburse Melissa for certain expenses incident to her attendance at Louisiana State University during the school year, 1976-77; (3) share equally, with the

plaintiff, in the subsequent educational expenses for Melissa Ann Harding; (4) be entitled to receive information relative to the academic achievement of any of the parties' children who remain in school; and (5) pay his own attorney's fees and one-half of the court costs incident to this litigation. Since the facts concerning the parties' divorce proceeding are set forth in *Harding v. Harding* (1974) 18 Ill. App. 3d 550, 310 N.E.2d 19, we will recount only those facts pertinent to this appeal.

In 1961, prior to entry of the divorce decree, defendant established custodial accounts for the benefit of each of his minor children under the Illinois Uniform Gifts to Minors Act (Ill. Rev. Stat. 1975, ch. 3, par. 531 *et seq.*). When the divorce decree was entered in 1972, the value of the assets in each child's account was in excess of $17,244.

Pursuant to the terms of paragraph 13 of the decree, all assets held in the accounts were ordered "* * * transferred to the First National Bank of Danville, of Danville, Illinois, as trustee or custodian under the Illinois Uniform Gifts to Minors Act, for the purpose of administering, protecting, investing and using said assets and funds for the college or vocational education of the children * * *." This transfer was completed on December 28, 1972.

Prior to her enrollment at Louisiana State University in 1974, Melissa and defendant met with a trust officer employed by the custodian in order to determine how much custodial property was to be made available for Melissa's then-current educational expenses. As a result, funds were removed from the custodial account and placed in a checking account for Melissa's use. After Melissa departed for school, however, she withdrew the funds and closed the checking account.

At the hearing on the modification petition, Melissa testified that she lived in a dormitory at the university for two semesters, and, thereafter, she moved into a more expensive apartment to establish herself as a Louisiana resident. She received loans from the university totaling $1,200 and work-study grants totaling $600. During the spring of 1976, after completing three semesters at the university, Melissa was dismissed for academic reasons, but remained in Louisiana throughout what would have been her fourth semester, without advising her father or the custodian of the custodial account of her dismissal. The custodian, therefore, continued to disperse custodial property to her upon her request. Prior to the commencement of the 1976 summer semester, Melissa was conditionally readmitted to the university on academic probation.

At the conclusion of the proceedings in the circuit court, the custodial account contained a cash balance of $612. Approximately $9,765 has been disbursed to Melissa, but a $7,000 loss in 1974 was attributed to a corresponding decline in the stock market.

Evidence presented at the hearing on the petition to modify the divorce decree reflects a decline in defendant's financial position. His assets decreased in value from $371,500 to $318,711 and his annual income was reduced from about $60,000 to $48,000. Defendant's assets continued to be subject to a lien imposed by the divorce decree and he has a $35,000 personal obligation. Although the evidence can be interpreted to reflect that defendant's expenses have not materially changed since the divorce, defendant no longer engages in the practice of medicine which previously brought him an annual income of $48,000.

The plaintiff has not filed an appearance in this court. The defendant contends: (1) that the modification ordered by the court is contrary to the manifest weight of the evidence; and (2) that the trial court abused its discretion in ordering the modification.

■■ A change of circumstances which will permit a modification of the child support provisions contained in a divorce decree may relate either to the needs of the child, the financial condition of the parents, or both. (*Metcoff v. Metcoff* (1972), 4 Ill. App. 3d 160, 161-62, 280 N.E.2d 572.) Child support payments must necessarily reflect a balance of the intensity of the child's need with the ability of the parents to provide for that need. (*Smith v. Smith* (1971), 132 Ill. App. 2d 722, 724, 270 N.E.2d 206.) Defendant concedes that the court could properly require the continuation of support payments for educational purposes after the child attains the age of majority. See section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19); *Elizer v. Elizer* (1976), 36 Ill. App. 3d 552, 555, 344 N.E.2d 493.

In the instant case, Melissa is quite clearly in need of additional educational funds because her custodial account has essentially been depleted. Defendant's contention that Melissa overspent her educational fund wholly distorts the clear facts concerning her reasonable needs and the funds available to her. The evidence reflects that during a two-year period, Melissa expended approximately $10,000 for educational, living, and incidental expenses during three semesters of college. The manifest weight of the evidence does not reflect that these expenditures were excessive or otherwise unreasonable. Although defendant no longer practices medicine, the evidence concerning his financial condition may be construed to reflect that he retains a substantial income from his investments. It does not demonstrate that defendant has experienced a substantial economic reversal which might have prohibited the trial court from ordering that defendant provide additional educational support for Melissa.

■■ The modification of a divorce decree rests in the sound discretion of the trial court and, in the absence of an abuse of that discretion, a reviewing court will not substitute its judgment for that of the trial court.

(*Killinger v. Killinger* (1976), 40 Ill. App. 3d 962, 964, 353 N.E.2d 284.) In the instant case, defendant has failed to demonstrate that the court abused its discretion in modifying the divorce decree. Rather, defendant bases his abuse of discretion argument on essentially the same allegations of error used to support his contention that the modification order was contrary to the manifest weight of the evidence. For the reasons already stated, therefore, we hold that the trial court did not abuse its discretion in this case.

■■ We also reject defendant's contention that an obligation for the payment of Melissa's educational expenses should only be imposed on him after it is demonstrated that she will satisfactorily complete her studies. The cases cited by defendant (*Sovey v. Sovey* (1975), 30 Ill. App. 3d 690, 333 N.E.2d 299; *Elble v. Elble* (1968), 100 Ill. App. 2d 221, 241 N.E.2d 328; *Booth v. Booth* (1970), 122 Ill. App. 2d 1, 258 N.E.2d 834) do not impose such a duty and we are not persuaded that the imposition of such a duty would be in the best interests of any similarly situated child. The benefits of attendance at, as distinct from graduation from a college or university, are intangible and we decline to measure one against the other.

For the foregoing reasons we affirm the modification order entered by the trial court.

Affirmed.

GREEN, P. J., and WEBBER, J., concur.