*In re* MARRIAGE OF GLENDA FAYE UPHOFF, Petitioner-Appellee, and BILLIE J. UPHOFF, Respondent-Appellant.

Third District No. 79-478

Opinion filed January 4, 1980.

Anthony P. Corsentino and Eric E. Hasselberg, both of Sweat, Sweat & Corsentino, of Peoria, for appellant.

John P. Nicoara, of Baner & Nicoara, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal results from a disputed judgment rendered by the circuit court of Tazewell County in a domestic relations case. At issue is the circuit court's refusal to modify a judgment of dissolution as regards the level of child-support payments as well as an award of attorney fees.

The appellee herein, Glenda Faye Uphoff, was granted, on March 27, 1978, her petition seeking a dissolution of her marriage from the appellant herein, Billie J. Uphoff. Certain issues were reserved in that decision which were subsequently determined in a supplemental order of the same date. Later that year the parties concluded further agreements which were incorporated in a modified judgment of dissolution. The modified judgment restated the terms of the original decree, including a provision that the appellant be required to pay the sum of $100 per week per child

for the support of the three minor children of the marriage. Similarly, the modified judgment restated the award to the appellee of permanent custody of those same minor children. The modified order, signed on July 13, 1978, by the presiding judge of the circuit court, was approved for entry by both parties to the dissolution proceeding as evidenced by the signatures of Mrs. Uphoff, Mr. Uphoff, and their respective attorneys.

A short three months after agreeing to the entry of the modified order of July 13, 1978, the appellant petitioned the court to further modify the judgment of dissolution. Specifically, the appellant, Mr. Uphoff, alleged that a material change in circumstances had occurred since the entry of the previous order, and that as a consequence the child-support payments required by that previous order should be reduced. With regard to the change in conditions, it was alleged that Mr. Uphoff's income had been reduced from approximately $2,600 per month to approximately $1,000 per month. It was further alleged that Mrs. Uphoff's income and assets were significantly increased as a result of the previous court orders.

Following a hearing on Mr. Uphoff's petition to modify, the circuit court entered an order denying a reduction in support payments. Notice of Mr. Uphoff's intent to appeal was filed February 9, 1979. Additional hearings were conducted in the circuit court, after which Mrs. Uphoff was awarded $592 to compensate for attorney fees already incurred as well as $1,000 to compensate for attorney fees likely to be incurred in defense of this appeal. These awards have also been made a subject of this appeal.

Prior decisions of this court have provided for a two-step process in analyzing petitions to modify support orders. First, as a threshold requirement, it must be shown that a material change in circumstances has occurred since the original decree was rendered; second, it must be demonstrated that such change results in a substantial imbalance between the children's needs and the parents' support capabilities. (*In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279.) The appellee urges before this court, with the agreement of the trial judge, that no material change was alleged or proved. We agree.

The appellant's petition and testimony allege that since the original judgment was entered, there has been a dramatic decrease in his monthly income. His employer, Ronald Heinz, testified as to the reasons for this change:

"Q: Directing your attention to the months of June and July of this year, 1978, was Mr. Uphoff working for you in the month of June?

A: Yes, sir.

Q: Was he being paid a salary pursuant to a written agreement at the rate of $1500 per month?

A: Yes, sir.

Q: On about the middle of June, approximately the 15th day of June, did you by writing notify him of any changes, pending changes in that employment relationship?

A: Yes, we mutually signed an agreement agreeing to end his salary effective, I think, July 15, 1978.

Q: When was that, the date of the agreement, when was it signed, do you know that, sir?

A: * * * That agreement was signed July 5, 1978.

Q: So at least prior to the 13th day of July, the date the Decree was entered in this cause, Mr. Uphoff was informed in writing and, in fact, signed an agreement he would receive no more salary beginning the 15th day of July, is that correct?

A: That's right."

The appellant does not quarrel with this version of events, except to add that his agreement to terminate employment was motivated by other business reasons.

● 1, 2 The general rule is "that unless good faith is shown, a voluntary change in or termination of employment will not be considered a sufficient material change to warrant abatement or modification of child support payments." (*Glass v. Peitchel* (1976), 42 Ill. App. 3d 240, 242, 355 N.E.2d 750, 754.) See also other Illinois authorities cited in the *Glass* case. For the appellant to agree to the order he now seeks to modify just a week after signing the termination agreement which serves as the grounds for the sought-after modification is hardly consistent with our understanding of good faith. Such conduct, if approved, would foster duplicative hearings, would burden parties with repetitive appearances and testimony, and would squander the limited judicial resources available to earnest litigants who seek a just and speedy resolution of disputes. Indeed, the appellant's conduct is an express breach of faith to the appellee and the court, who accepted his signature on the agreed judgment order as representing his willingness to adhere to its terms. A representation so made, knowing full well that within two days, by appellant's own design, the circumstances would materially change, is not good faith shown. Absent good faith, there was no material change. The circuit court did not err in denying the appellant's petition to modify his child-support obligation.

As regards the award of attorney fees, we would note that the statutory authority for such orders is found at section 508(a)(2) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 508(a)(2)). The allowance of attorney fees under section 508(a)(2) requires a consideration of the financial resources of the parties. It is not sufficient simply to show that one party has a greater ability to pay, but rather the court requires a showing of the inability of one party to pay and

the ability of the other party to pay. *Imes v. Imes* (1977), 52 Ill. App. 3d 792, 367 N.E.2d 1075.

● 3 In her amended petition seeking an award of attorney fees, the appellee "incorporates by reference herein and requests the Court to take judicial notice of the record of the Clerk of the Court in this cause showing support and other payments." Among the "other payments" which the record in this cause discloses are transfers of property valued in excess of $200,000. With this record before the circuit court by appellee's own petition, we believe the trial judge erred in concluding that the appellee was unable to pay the cost of her attorney's representation. Although this is an area where the trial court is permitted wide discretion, that discretion is not unbounded. (*Moses v. Moses* (1971), 132 Ill. App. 2d 443, 270 N.E.2d 513.) Where the record as incorporated in appellee's petition fixes a party's resources at the level previously set forth, it is beyond the discretion of the trial court to award attorney fees.

For the reasons set forth, the orders of the circuit court are affirmed in part and reversed in part.

STOUDER, P. J., and BARRY, J., concur.