*In re* MARRIAGE OF SMEETA GURNANI, Petitioner-Appellee, and NANIK GURNANI, Respondent-Appellant.

First District (5th Division)   No. 87—0092

Opinion filed July 29, 1988.

Nathaniel D. Lawrence, of Chicago, for appellant.

James L. Rubens, of Davis, Friedman, Zavett, Kane & MacRae, of Chicago, for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This appeal arises out of judgment rendered in an action for dissolution of marriage. Respondent, Nanik Gurnani, presents two grounds for reversal: (1) the trial court erred in finding that the transfer of a residence into joint ownership with petitioner, Smeeta Gurnani, in return for petitioner not prosecuting her pending dissolution action was a valid gift to the marriage; and (2) the trial court abused its discretion in denying respondent's post-trial motion for modification of the judgment.

We conclude respondent waived his right to contest on appeal the issue of whether a valid gift was proved at trial. We find no basis to conclude that the denial of modification below was improper. Accordingly, we affirm.

The following is pertinent to our disposition.

Petitioner and respondent were married in Bombay, India, in 1968, ultimately settling together in Chicago. In 1971, respondent purchased an apartment building at 1518-24 West Addison Street. The parties resided in the building. It is undisputed that the property was purchased with respondent's own nonmarital funds.

As a result of marital discord, on February 4, 1982, petitioner filed her action for dissolution of marriage. On October 29, 1982, however, the parties entered into an agreed order in an attempt to reconcile. Pursuant to that order, *inter alia,* respondent transferred title to the Addison Street property to himself and petitioner as joint tenants. In turn, petitioner agreed to refrain from proceeding with the pending action for dissolution.

The Addison Street property was subsequently sold in May 1984. Efforts to reconcile the marriage soon failed. Petitioner reactivated her action for dissolution and the cause proceeded to trial in June 1986.

In accordance with oral findings made at the trial's conclusion on September 11, 1986, a written judgment for dissolution was entered on November 13, 1986. Relevant to this appeal, the judgment recited that the conveyance of the Addison Street property into joint tenancy, as recorded in the October 29, 1982, agreed order, created a presumption of a gift to petitioner. The judgment noted that respondent failed at trial to rebut that presumption; thus, the property was included in the marital estate. Also pertinent here, the judgment equally divided, as between petitioner and respondent, expected tax refunds for years 1982-84 as well as an anticipated tax liability for 1985.

On November 14, 1986, respondent filed a post-trial motion for modification of the judgment. In the motion, respondent argued modification was necessary because of "new evidence" consisting of the decision of the Internal Revenue Service to disallow certain investment related deductions claimed in the parties' 1981 joint tax return. The motion stated that that disallowance required recalculation of taxes for years 1982-85. On December 8, 1986, after hearing argument, the trial court denied respondent's motion finding that the evidence was too speculative to warrant modification.

Respondent filed a notice of appeal on January 6, 1987. The notice recited that the appeal was taken from the judgment rendered

September 11, 1986, and the denial of the post-trial motion on December 8, 1987.

OPINION

■ On appeal, respondent first raises issue with the trial court's determination that conveyance of the Addison Street property into joint ownership with petitioner constituted a valid gift to the marriage and was thus includable in the marital estate. We note that nowhere in the post-trial motion does respondent challenge the characterization of the Addison Street property as a marital asset. The only reference to the Addison Street property relates to respondent's contention that the sum representing his interest in the sale of that property was "double counted" because those proceeds were deposited in bank accounts later divided between the parties in determining their respective percentages of the marital estate. The motion did not otherwise argue that the property was simply not a marital asset because of an invalid gift transfer. Nor was that contention at any time raised orally during hearing on the motion on December 8, 1986. In failing to raise that issue below, respondent has waived the opportunity to now present the issue on review. *In re Marriage of Greenberg* (1981), 102 Ill. App. 3d 938, 429 N.E.2d 1334.

■ Respondent also contends that it was abuse for the trial court to conclude that evidence, consisting of the Internal Revenue Service's disallowance of deductions in the parties' 1981 tax return, was too speculative a basis for modification of the judgment. We disagree.

During hearing on the post-trial motion, respondent's counsel acknowledged that the Internal Revenue Service's determination as to the disallowance respecting the 1981 return was not final and that all means to review that determination had not been exhausted. Further, respondent's counsel could only postulate, based on treatment of the 1981 return, that the Internal Revenue Service would also disallow deductions for other tax periods covered under the judgment.

Modification rests in the discretion of the trial court and will not be disturbed on review absent clear abuse. (*Harding v. Harding* (1978), 59 Ill. App. 3d 25, 347 N.E.2d 1304.) We are unpersuaded, under the instant facts, that the trial court's denial of respondent's motion constituted an abuse of discretion.

We therefore affirm the decision of the circuit court.

Affirmed.

SULLIVAN and MURRAY, JJ., concur.