McRAE, Justice,
dissenting:
¶ 35. I respectfully dissent from the majority opinion for two reasons. First, when a couple seeks a no-fault divorce, they are permitted by statute, Miss.Code Ann. § 93-5-2(2) (1994), to sign an agreement settling all property and custody matters. This settlement agreement is made in anticipation of the divorce judgment which may incorporate the agreement if the Chancellor approves. The statute states that “such judgment may be modified as other judgments for divorce,” and our cases recognize that issues of child custody, support, etc. may be adjusted as circumstances warrant. The majority fails to perceive that a settlement agreement may always be modified. Indeed, in this case, the parties agreed at the time of their divorce to settle the matter of college tuition at a later date. Thus, there was nothing in the property agreement which bound the parents to pay for college let alone an expensive private school outside of this state. Our colleges and universities provide adequate education for a child to attend. The benchmark for support should be what it costs for a public education in this state not for a university in another state or foreign country.
¶ 36. Second, until recently, Iowa, by statute, mandated that a parent pay no more than one-third the cost of in-state tuition (the child was expected to contribute a portion of his own college expenses). Iowa Code § 598.21(5A) (Supp.1997); In re Marriage of Murphy, 592 N.W.2d 681, 684 (Iowa 1999). See also Webb v. Fox, *1105-1127 978 S.W.2d 16, 21 (Mo.Ct.App.1998) (court calculated child’s college expenses based on in-state tuition less one-third for the child to provide on his own).
¶ 37. The majority’s opinion gives this Court’s imprimatur to a parent’s having to provide not only private school (or out-of-state) tuition but sorority dues as well. What if the daughter had insisted on four years at the Sorbonne in Paris or at Cambridge? Would a parent have to pay for this? A professor at the University of Mississippi participates in summer classes taught at Cambridge, England. Is a parent required to pay for this?
¶ 38. We have previously held that parents should be required to provide funds for college where the child is qualified and shows an aptitude for same and the parents have the means to pay for college. Wray v. Langston, 380 So.2d 1262, 1264 (Miss.1980); Pass v. Pass, 238 Miss. 449, 118 So.2d 769 (Miss.1960). We have never before required a parent to pay sorority dues or costs for out-of-state tuition. If a parent wants to pay for a private university or for extras he or she may do so, but for this Court to require a parent to bear these expenses sets a standard that most parents cannot, and should not have to, meet. We have used the criteria of reasonable expenses but, in this case, it appears that the child has the means to pay for the extras she desires and there is no reason she should not be expected to contribute. See In re Marriage of Eaton, 894 P.2d 56 (Colo.Ct.App.1995) (court erred in not considering assets of child where child had an account funded by grandparents); In re Marriage of Booth, 122 Ill.App.2d 1, 258 N.E.2d 834, 836-37 (1970) (“Parents are often called upon to make sacrifices to obtain a college education for their children. But the children must also cooperate to lessen the burden to their parents in whatever way they can”); In re Marriage of Steele, 502 N.W.2d 18 (Iowa Ct.App.1993) (court was correct to order child to contribute to his own education where he had substantial assets); Weitzman v. Weitzman, 228 N.J.Super. 346, 549 A.2d 888 (Ct.App.Div.1988).
¶ 39. Assuming the parent is in a position to pay for college, he or she should be required to pay no more than he or she would pay if the child attended a public university in Mississippi which is a reasonable expense. To hold otherwise implies that our state schools are somehow inferi- or. Furthermore, there is no reason why a child with substantial assets of her own should not be expected to contribute to her education.
¶ 40. Finally, our decisions requiring divorced parents to pay for their child’s college education gives greater rights to the children of divorced parents than those whose parents remain together. A child of parents who have never divorced has no right under our law to force his parents to pay for college either in-state or out-of-state. There can be no justification for this disparate treatment.
¶ 41. Therefore, I dissent.